**Vern William SCOTT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00301–CR.**

Court of Appeals of Texas, Dallas.

March 1, 1984.

Rehearing Denied March 30, 1984.

---

**3.**  See  TEX.BUS.  &  COM.CODE  ANN.  sec.  9.505(b) (Vernon Supp. 1982–1983).

John Hagler, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey Keck, Asst. Dist. Atty., for appellee.

Before CARVER, ALLEN and SHUMPERT, JJ.

SHUMPERT, Justice.

This is an appeal from a conviction of forgery. In one ground of error, appellant contends that the magistrate lacked the statutory authority to preside over the hearing at which the guilty plea was accepted because the plea was not "negotiated" within the meaning of TEX.REV.CIV. STAT.ANN. art. 1918c(4)(a)(1) (Vernon Supp.1982–1983). We agree with appellant's contention and reverse and remand for a new trial.

■ In this case, the magistrate presided over the initial proceeding at which appellant waived his rights to a jury trial and to present witnesses. The magistrate received a signed "judicial confession" into evidence and accepted appellant's plea of guilty. No agreement as to punishment had been entered into. A pre-sentence report was prepared for the district judge, and he assessed punishment at a continuation of the hearing seventeen days later in which appellant called two witnesses and testified himself. Appellant contends that the magistrate could not preside over the initial phase of the hearing because the plea was not "negotiated" as contemplated by article 1918c(4)(a)(1). We agree.

TEX.REV.CIV.STAT.ANN. art. 1918c(4) (Vernon Supp.1982–1983) provides:

(a) The judge of a court having a magistrate appointed as provided by this Act may refer to the magistrate any criminal case for proceedings involving:

(1) *negotiated* pleas of guilty before the court ...

(b) In no event may a judge refer to a magistrate a criminal case permitting the magistrate to preside over a trial on the merits, either with or without a jury.

In *Howard v. State*, No. 82–1219 (Tex. App.—Dallas, January 24, 1984) (not yet reported), the court held that a negotiated plea existed when, in exchange for appellant's agreement to plead guilty, the State agreed that the sentence in a related case against appellant (a pending probation revocation for a separate offense) would be identical and would run concurrently with the sentence in that case. The court's holding was that the State had given some legal consideration to appellant with respect to punishment, and that therefore, the plea was "negotiated" within the intent of the statute. Here, that was not the case. Appellant was given no legal consideration regarding punishment. The only consideration the State had given in this so-called bargain was a refusal to exercise its right to demand a jury trial. We hold that for a plea to be "negotiated" under section 1918c(4)(a)(1), there must be some consideration from the State which in some way affects the possible punishment a defendant could receive. Otherwise, the word "negotiated" would have no meaning in the context of the statute. Exact punishment need not be fixed, *see Howard*, but some concession or agreement as to punishment besides that it will be later adjudicated must be in the product of the negotiations. If some punishment arrangement is not in the bargain, the magistrate may not preside over any part of the proceedings.

■ The State contends that when the Legislature has wanted to require the operation of a statute to be dependent upon both parties in a criminal prosecution agreeing to the punishment that it has

**432**

done so by the statute. It cites TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979), which requires a defendant to get permission from the trial court to appeal when punishment has been assessed according to the terms of a plea-bargain agreement. It is true that the magistrate statute does not contain that requirement contained in section 44.02. It does, however, contain the phrase "negotiated plea" and we have already held that implicit in the phrase "negotiated plea" is the notion that some agreement as to punishment has been reached. We do not accept the State's argument that simply because the requirement was not made explicit that it was not what the legislature intended.

The State also argues that the Court of Criminal Appeals has consistently enforced plea-bargain agreements where the only consideration given by the State is to make no recommendation as to punishment. *Miller v. State,* 608 S.W.2d 931 (Tex.Cr.App. 1980); *Bass v. State,* 576 S.W.2d 400 (Tex. Cr.App.1979). *Miller* and *Bass* both stand for the proposition that a defendant is entitled to withdraw his guilty plea if the prosecutor violates a plea-bargain agreement. In this case, that is not the issue. Further, although in *Bass* and *Miller* parts of the agreements were that the State would make no recommendation as to punishment, we do not dispute that a no punishment recommendation may be part of a plea bargain agreement. We hold, however, that in using the phrase "negotiated pleas," the legislature intended that those cases in which some agreement as to punishment has not been made cannot be referred to a magistrate. With no agreement as to punishment, except that no agreement will be made, the plea has not been "negotiated" within the intent of the legislature.

The case is reversed and remanded.