Clint Warren HOWARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 291–84.

Court of Criminal Appeals of Texas,
En Banc.

May 22, 1985.

James P. Finstrom, Garland, for appellant.

Henry Wade, Dist. Atty., and Kathi Alyce Drew, Bill Edie and Mike Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was indicted for aggravated robbery. See V.T.C.A. Penal Code, § 29.-02. He pled guilty before a Dallas County Magistrate and was sentenced by the District Court to twelve years confinement in the Texas Department of Corrections. On appeal to the Dallas Court of Appeals, the conviction was affirmed. *Howard v. State,* 667 S.W.2d 265 (Tex.App. Dallas—1984). We granted appellant's petition for discretionary review to determine whether the trial court and the Dallas Court of Appeals correctly interpreted Art. 1918c, V.A.C.S., entitled the "Dallas County Magistrates Act"[1] to permit a magistrate to preside at a hearing on a plea of guilty when the parties have not agreed to the punishment to be assessed.

Art. 1918c provides in pertinent part: "Sec. 4. (a) The judge of a court having a magistrate appointed as provided by this Act may refer to the magistrate any criminal case for proceedings involving: (1) negotiated pleas of guilty before the court;

(2) bond forfeitures;

(3) pretrial motions;

(4) postconviction writs of habeas corpus;

(5) conducting examining trials;

(6) any other matters that the judge deems necessary and proper, except as otherwise provided by Subsection (b) of this section.

(b) In no event may a judge refer to a magistrate in a criminal case permitting the magistrate to preside over a trial on the merits, either with or without a jury."

The record reflects that appellant and the State agreed that in exchange for appellant's plea of guilty to the aggravated robbery charge, the sentence in another case against appellant would be identical to and run concurrently with the sentence received for the aggravated robbery. There is nothing in the record to indicate that appellant and the State agreed as to the length of the sentence to be set. The record also shows that the district judge referred the case to a magistrate who presided over the proceedings and accepted appellant's waiver of indictment, stipulation of evidence, and waiver of jury. The magistrate admonished appellant as to punishment, accepted appellant's judicial confession into evidence, and advised appellant that punishment would be determined by the district court judge. Appellant then requested that the rest of the proceedings be heard by the district judge rather than the magistrate. District Judge Kelly Loving presided over the remaining proceedings. Before Judge Loving, appellant again acknowledged his guilt, and Judge Loving confirmed the waivers of appellant's rights and pronounced sentence.

Before the Dallas Court of Appeals, appellant claimed, without the benefit of supporting authority, that the proceedings before the magistrate constituted a trial on the merits in derogation of Art. 1918c. The appellate court interpreted his contentions to mean that since the plea bargain

---

1. Hereinafter referred to as Art. 1918c.

agreement left open the question of punishment, a full trial on the merits was required.

The appellate court then held that:

"... Section 4(a)(1) is applicable because the plea bargain agreement in question was, for purposes of article 1918c, a 'negotiated' plea of guilty before the court within the meaning of that section. In exchange for appellant's agreement to plead guilty, the State agreed that the sentence in a related case against appellant ... would be identical to and would run concurrently with the sentence in this case. Section 4(b) is not applicable because the portion of the proceedings presided over by the magistrate was no part of a trial on the merits; the portion which was tried on the merits was presided over by a judge holding the proper constitutional power. A trial is a 'judicial investigation and determination of the issues between the parties.' *Gulf C. & S.F. Railway Company v. Muse*, 109 Tex.Crim. 352, [109 Tex. 352], 207 S.W. 897, 899 (1919). It is axiomatic that issues which are undisputed and therefore not contested by the parties do not need to be judicially investigated. Because appellant's guilt was not in dispute, the only issue requiring judicial determination was the appropriate sentence. That issue was judicially determined by Judge Loving. Appellant's first ground of error is overruled."

*Id.* at 267.

In his petition for discretionary review, appellant contends that the proceedings before the magistrate did not constitute a negotiated plea since no plea bargain agreement had been reached regarding punishment. Again appellant offers no authority for his assertion. We find his assertions unpersuasive.

■ We will first address what is meant by the term "negotiated plea." There is no statutory definition of this term so we may look to the common usage of the term and the legislative intent of the statute. Code Construction Act, Art. 5429b, V.A.C.S.

We have examined the use of the term "negotiated plea" in several written opinions of the court to determine its meaning. "Negotiated plea" appears with reference to a variety of topics. In *Kass v. State*, 642 S.W.2d 463, 466 (Tex.Cr.App.1981), we stated:

"... whether a guilty plea is the result of a plea bargain, is a question of fact to be determined from evidence presented at trial. [citations omitted] In those cases in which this Court has considered a *negotiated plea*, there has been evidence in the record to support the finding that plea bargaining occurred. [citations omitted]."

In *Gibson v. State*, 532 S.W.2d 69, 75 (Tex. Cr.App.1976), we stated:

"Nevertheless, we have quoted from the Standards for Criminal Justice in order to draw the attention of the bench and bar to the need for proper conduct of plea negotiations, and demonstrate the soundness of the recommended practice upon entry of a guilty plea of inquiring whether the plea is the consequence of negotiations, and if so, what the terms of the *negotiated plea* are. [citations omitted]."

In *Cruz v. State*, 530 S.W.2d 817, 821 (Tex. Cr.App.1975), we stated:

"In cases where the guilty plea is the result of a *negotiated plea* agreement, the trial court in exercising its authority to assess punishment also serves as a check upon oppressive or unfair bargains or those not in the public interest."

In each of these cases, the term "negotiated plea" is used in connection with plea bargain agreements. We may now turn to the legislative intent of the statute in order to fashion a proper definition.

■ The legislative intent of a statute may be extracted from the records of its legislative history. As is usual with most bills, the records are sparse. We have examined what few records exist regarding the history of Art. 1918c and have determined that this statute was intended to

relieve the heavy docket congestion of the Dallas county district courts.[2]

In order to do so, Art. 1918c provides for the appointment of magistrates to assist the district courts in the disposition of criminal cases. The magistrates act as agents of the district courts, and have no authority of their own. See *Kelley v. State,* 676 S.W.2d 104, 107 (Tex.Cr.App.1984). Matters which may be referred to the magistrates were set forth in sections 4 and 5 of the article. It is therefore apparent that the magistrates were to assist the courts by processing those matters not requiring ultimate judicial determinations.

■ When the legislative intent of the statute and the usage of the term are considered together, we may now venture a definition of "negotiated plea." With respect to Art. 1918c, a "negotiated plea" is simply a plea of guilty entered as a part of a plea bargain agreement.

With this definition in mind, we now address appellant's contention that his plea was not negotiated because no agreement as to the length of his sentence had been reached.

■ Initially, we believe that appellant has confused a negotiated plea with a plea bargain agreement. In *Ex parte Williams,* 637 S.W.2d 943 (Tex.Cr.App.1982), we stated:

"Essentially, plea bargaining consists of the prosecutor making concessions regarding specific punishment, lesser charges, or the reduction of counts which comprise the charging instrument in exchange for the defendant's concession as to his plea of guilty or nolo contendere."

The negotiated plea would be the actual plea entered whereas the plea bargain agreement would be the entire agreement as to the disposition of the case.

In the case at bar, appellant and the State agreed that his sentence in a related case would be identical to and run concurrently with the sentence obtained in the case before the court. Such an agreement, if accepted by the trial court, may properly comprise a plea bargain agreement. See id; see also *Kass,* supra, and cases cited therein at 466.

■ Moreover, the length of the sentence is not an essential element of a plea bargain agreement. In *Cruz,* supra at 821, we noted that negotiated pleas were an integral and essential part of our system of criminal justice. In *Ex parte Williams,* supra at 947–948, we held that the terms of the plea bargain were to be left to the parties, and disturbed only on a showing of manifest injustice.

■ Since we find no authority for appellant's contention, nor do we see fit to create any new authority, we hold that a fixed agreement as to a specific length of the sentence is not required for a proper plea bargain agreement to exist. Appellant's assertions to the contrary are overruled.

Appellant further alluded to the contention that since the trial judge heard evidence and assessed punishment, a trial on the merits was had; thus, the magistrate's actions were void since Art. 1918c, § 4(b) precludes the magistrate from presiding over a trial on the merits. Appellant's contention is without merit both factually and logically.

■ As found by the Dallas Court of Appeals, the proceedings heard by the magistrate were not a trial on the merits: the magistrate acted in a purely advisory manner. The actions taken by the magistrate were fully sanctioned by Sec. 4 of Art. 1918c. The portion of the trial requiring judicial determination, appellant's sen-

---

**2.** Art. 1918c was originally introduced as Senate Bill 437 during the 1981 Legislative Session. Senator Mauzy wrote the bill and Representative Bryant sponsored it in the House. On February 19, 1981, the Senate held public hearings on the bill. Senator Mauzy requested that it be considered with Senate Bill 438, which authorized masters for Travis county civil courts. The tape recordings of the hearings indicate Senator Mauzy supported his request by stating that the intent of the bills was identical: they were intended to relieve the heavy court dockets in Dallas and Travis counties, criminal and civil respectively. Both bills were later passed on the local and uncontested docket.

tencing, was properly held before a district court judge. Thus, the magistrate did not preside over a trial on the merits.

 Moreover, simply because a part of the proceedings involve ultimate judicial determination, a magistrate is not prohibited from acting upon those matters authorized by Art. 1918c. See *Scott v. State*, 690 S.W.2d 256 (Tex.Cr.App. delivered this day).

Based upon the foregoing, appellant's ground for review is overruled and the judgment of the Dallas Court of Appeals is affirmed.

ONION, P.J., dissents.

CLINTON, J., concurs in the result.

TEAGUE, J., not participating.