**Vern William SCOTT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 502–84.**

Court of Criminal Appeals of Texas, En Banc.

May 22, 1985.

John H. Hagler, Dallas, for appellant.

Henry Wade, Dist. Atty., and Jeffrey B. Keck, Mike Gillette and Jim Nelson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was indicted for the offense of forgery. See V.T.C.A. Penal Code, § 32.-21(a)(1)(B). He pled guilty before a Dallas County District Court magistrate. The district court judge pronounced appellant guilty, and sentenced him to ten years confinement in the Texas Department of Corrections and a $5,000.00 fine. On appeal to the Dallas Court of Appeals, 668 S.W.2d 430 (Tex.App.Dallas—1984), appellant's conviction was reversed and remanded for a new trial. We granted the State's petition for discretionary review to determine whether the Dallas Court of Appeals was correct holding that the magistrate lacked the statutory authority to preside over the hearing at which the guilty plea was accepted because the plea was not negotiated within the meaning of Article 1918c, V.A.C.S.

Article 1918c, § 4, V.A.C.S.,[1] provides in pertinent part:

"(a) The judge of a court having a magistrate appointed as provided by this act may refer to the magistrate any criminal case for proceedings involving:

(1) negotiated pleas of guilty before the court;

. . . . .

(6) any other matters that the judge deems necessary and proper, except as otherwise provided by Subsection (b) of this section.

(b) In no event may a judge refer to a magistrate a criminal case permitting the magistrate to preside over a trial on the merits."

In order to fully evaluate the court of appeals' holding, a more precise statement of the procedural history of this case is appropriate. The record shows that appellant pled guilty before the magistrate, who accepted appellant's waiver of jury trial and stipulation of evidence. The magistrate also accepted a signed judicial confession into evidence. Appellant was advised that the district court judge would review the evidence and determine what punishment would be set; no agreement had been reached as to punishment. A pre-sentence report was prepared and delivered to the district judge, who sentenced appellant at a hearing seventeen days later.

On appeal, appellant contended that the magistrate could not preside over the initial phase of the hearing because the plea was not "negotiated" as contemplated by Art. 1918c. The Dallas Court of Appeals agreed, and stated:

---

1. Hereinafter referred to as Art. 1918c.

"... [In the case at bar] [a]ppellant was given no legal consideration regarding punishment. The only consideration the State had given in this so-called bargain was a refusal to exercise its right to demand a jury trial. We hold that for a plea to be 'negotiated' under section 1918c(4)(a)(1), there must be some consideration from the State which in some way affects the possible punishment a defendant could receive. Otherwise, the word 'negotiated' would have no meaning in the context of the statute. Exact punishment need not be fixed, ..., but some concession or agreement as to punishment besides that it will be later adjudicated must be in the product of the negotiations. If some punishment arrangement is not in the bargain, the magistrate may not preside over any part of the proceedings.... We hold ... that in using the phrase 'negotiated pleas,' the legislature intended that those cases in which some agreement as to punishment has not been made cannot be referred to a magistrate. With no agreement as to punishment, except that no agreement will be made, the plea has not been 'negotiated' within the intent of the legislature."

*Scott v. State,* 668 S.W.2d 430, 431–2 (Tex. App.—Dallas 1984).

■ We see no basis for the appellate court's unsupported holding that a magistrate may not preside over proceedings where the plea bargain contains no specific agreement regarding punishment. First, there is no requirement that all plea bargains contain an agreement as to punishment. In *Ex parte Williams,* 637 S.W.2d 943 (Tex.Cr.App.1982), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983), we stated:

"Essentially, plea bargaining consists of the prosecutor making concessions regarding specific punishment, lesser charges, or the reduction of counts which comprise the charging instrument in exchange for the defendant's concession as to his plea of guilty or plea of nolo contendere.... The terms of the plea bargain are left to the parties.... This court will not interfere with those terms unless they appear to be manifestly unjust."

*Id.* at 947–8. Although plea bargains will always in some way effect the sentence, there is no requirement that the parties agree to some specific punishment. See *Bass v. State,* 576 S.W.2d 400 (Tex.Cr.App. 1979) (State agreed to make no recommendation as to punishment.)

■ Second, we do not construe Art. 1918c to restrict the class of negotiated pleas capable of being accepted by the magistrate to only those pleas with an agreement as to punishment. The statute makes no such restriction: it refers only to "negotiated pleas of guilty." In *Howard v. State,* 690 S.W.2d 252 (Tex.Cr.App. delivered this day), we held that the term "negotiated plea" used in the statute simply referred to a plea of guilty entered pursuant to a plea bargain. No mention was made to specific punishment, nor do we see fit to engraft such a requirement onto the statute.

■ Moreover, our examination of the legislative history of Art. 1918c fails to disclose any intent by the drafters to restrict magistrate's authority as suggested by the appellate court. The statute was enacted in order to reduce the heavy criminal court dockets in Dallas County. To accomplish this, the statute enables the magistrates to assist the district judges by performing certain functions and providing recommendations. The district judges must approve the recommendations and supervise the magistrates in the performance of their duties. See *Howard,* supra. Since a defendant's plea is not final unless and until the district judge adopts the actions of the magistrate, the magistrate may properly take pleas offered as part of a plea bargain. There is no inherent requirement for an agreed punishment term as a part of the plea bargain in order to implement the intent of the statute.

■ Thus, we find that the appellate court erred in reaching the conclusion that the magistrates did not have the authority

to preside over hearings involving negotiated pleas where no agreement as to punishment was reached. The Dallas Court of Appeals further held that if the plea bargain contained no agreement as to punishment, the magistrate "may not preside over any part of the proceedings." *Scott,* supra 668 S.W.2d at 431. Again, we find no support for this contention.

As previously discussed, the statute was enacted in order to reduce docket congestion. The district judges were authorized to refer specific matters enumerated in Section 4, and were further allowed to refer "any other matters that the judge[s] deem necessary and proper", provided, however, that magistrates were not permitted to hear trials on the merits.

■ We find nothing in the statute's intent or wording that would prevent a magistrate from acting on any of the matters authorized by Section 4 even if the proceedings involve a plea bargain which does not contain a specific agreement as to punishment, and part of the proceedings must be heard by the district judge. As long as the magistrate acts within the scope of his authority, the judge adopts the magistrate's actions, and the judge presides over any matters not subject to delegation to the magistrate, Art. 1918c is not violated.

■ The decision of the Dallas Court of Appeals is reversed and the cause is remanded to that court to address appellant's remaining ground of error.

ONION, P.J., dissents.

TEAGUE, J., not participating.

CLINTON, Judge, concurring.

The interpretation of "negotiated pleas of guilty" as used in the Dallas County Magistrates Act ("Act"), Article 1918c, V.A.C.S., applied by the Court in this cause and in *Howard v. State,* 690 S.W.2d 252

(Tex.Cr.App. delivered this day) seems still somewhat ambiguous and may need finer clarification—if not today, maybe tomorrow.[1]

Having made that observation, I would not write further but for the fact that the State interjected and the Dallas Court of Appeals alluded to Article 44.02, V.A.C.C.P. *Scott v. State,* 668 S.W.2d 430, 431–432 (Tex.App.—Dallas 1984), *viz:*

"It is true that the magistrate statute does not contain that requirement contained in section [sic] 44.02. It does, however, contain the phrase 'negotiated plea' and we have already held that implicit in the phrase 'negotiated plea' is the notion that some agreement as to punishment has been reached." *Id.,* at 432.

In an abundance of caution, I would point out that henceforth "negotiated plea," as used in the Act and construed by this Court today, and "plea bargain agreement" within the meaning of Article 44.02, supra, are not synonymous, and should not be used interchangeably.

Article 44.02, supra, does not contain the term "negotiated plea"—nor for that matter "plea bargain agreement." The pertinent language is "the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney." It is Article 26.13(a)(2), V.A.C.C.P., which requires the judge to inquire as to "any plea bargain agreements," and in that paragraph (2) there is no reference whatsoever to punishment; however, paragraph (3) contains practically the same language quoted above from Article 44.02. Thus it is reasonable to conclude that both Article 26.-13(a)(3) and 44.02 contemplate a plea bargain agreement in which a consideration is what specific terms of punishment the prosecution will recommend to the court.

1. *Quaere:* If "negotiated plea" means only "a plea of guilty entered pursuant to a plea bargain" without agreed punishment as a consideration (P. 255), does the Act authorize a judge to refer to a magistrate a proceeding involving a negotiated plea of guilty flowing from a plea bargain agreement that includes a mutual understanding and agreement as to specific terms of punishment to be recommended by the prosecutor? Since neither in this cause nor *Howard* is there such a plea bargain agreement, the Court may be simply deferring the question.

Therefore, whatever other considerations are exchanged in an agreement that leads to a "negotiated plea," if the parties do not mutually agree on specific terms of punishment to be recommended by the prosecutor there is no "plea bargain agreement" within the contemplation of Article 44.02.

With my observation and caution, I join the opinion of the Court.