Julian Arthur **RANDALL**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 05–86–00806–CR, 05–86–00807–CR.

Court of Appeals of Texas, Dallas.

Aug. 13, 1987.

Bill Roberts, Dallas, for appellant.

Gary A. Moore, Dallas, for appellee.

Before WHITHAM, ROWE and HECHT, JJ.

ROWE, Justice.

Julian Arthur Randall, Jr. appeals his convictions for murder. The jury assessed punishment at life imprisonment in each case. In three points of error, appellant contends that: (1) the evidence is insufficient to sustain the convictions, (2) the jury instructions regarding the parole law and good conduct time violated his right to due process of law, and (3) the trial court erred in overruling his objection to an enhancement paragraph in the indictment. We overrule all three points of error and affirm the convictions.

In his first point of error, appellant contends that there was insufficient evidence to sustain his convictions for murder. In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must review the evidence in the light *most favorable to the verdict* and consider whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Garrett v. State*, 682 S.W.2d 301, 304 (Tex.Crim.App.1984) *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985); *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *see also Jackson v. Virginia*, 443 U.S. 307, 320, 99 S.Ct.

2781, 2789, 61 L.Ed.2d 560 (1979). A conviction on circumstantial evidence cannot be sustained if the circumstances proven do not exclude every *reasonable* hypothesis except that of the guilt of the accused. However, every fact need not point directly and independently to the defendant's guilt. It is enough if the conclusion of guilt is warranted by the combined and cumulative force of all the incriminating circumstances. *Russell v. State*, 665 S.W.2d 771, 775–76 (Tex.Crim.App.1983).

The evidence is circumstantial. The victims, Jimmy Ray Lee (Lee) and Linda Faye Thomas (Thomas) were shot to death in their apartment (number 114) at approximately 5:00 p.m. on December 26, 1985. Lee died from gunshot wounds to the head and neck. Thomas died from both a shotgun wound to the head and other wounds from a handgun. The record reflects the following pertinent facts.

Willie Hall, a maintenance employee in the apartment building of Lee and Thomas, entered apartment 114 at 8:30 a.m. on the day of the murder in order to do repair work. Appellant's brother, who was in the apartment, used a key to open the burglar bars and allow Hall to enter.

Linda Bates was the mother of one of appellant's sons. She testified that appellant and his brother Reginald are often together. At 2:00 p.m. on the day of the murders, Bates took their son outside to see appellant who was there with Reginald. Reginald was wearing a black leather jacket. Bates stated that it wasn't cold and that she was puzzled as to why Reginald would be wearing such a jacket.

Percy King lived in apartment 109 on the same hallway as the victims, both of whom he knew. At approximately 5:00 p.m. on the day of the murders, King left his apartment to take a walk. He was speaking with a neighbor, Elvis Russell, when he heard about six gunshots coming from the direction of his hallway and observed two men running away from that hallway. He had an opportunity to see their faces and could also see that the taller of the two had a gun wrapped up in a jacket. He identified the appellant as the one carrying the gun. King entered the hallway and saw that the victims' burglar bars and door were open. He looked into the apartment and saw Lee lying face down on the floor. The police arrived, and King identified appellant and his brother in a photographic line-up.

Elvis Russell lived in the same apartment complex as the victims, both of whom he knew. At approximately 5:00 p.m. on the day of the murders, he heard six or seven gunshots while speaking with King. He saw two men at a distance of thirty feet who were running away from the hallway. The taller man was carrying a shotgun that was wrapped in a black leather jacket. The two men continued running across a field. Shortly thereafter, Russell walked past the victims' apartment with King and saw Lee lying face down on the floor.

John Curry lived in a second story apartment in the same apartment complex as the victims. At approximately 5:00 p.m. on the day of the murders, he heard some gunshots. He went outside and saw two men running across a field away from the apartment building. The two men were about thirty yards away, and Curry was able to identify the appellant as one of them. Curry stated that appellant was carrying something as he ran.

Linda Wynn testified that she was the mother of one of the appellant's sons. At approximately 8:30 p.m. on the day of the murders, appellant came to her apartment and asked her if she had heard about a shooting in South Dallas. He turned on the TV and watched the 10:00 p.m. news by changing channels among the three networks in order to find out about a shooting in South Dallas. Appellant spent the night at Wynn's apartment, and in the morning he asked her to get him a newspaper.

After reviewing all the evidence, we conclude that it was sufficient to support the convictions. *See Buxton v. State*, 699 S.W.2d 212, 214 (Tex.Crim.App.1985) *cert. denied*, —— U.S. ——, 106 S.Ct. 2929, 91 L.Ed.2d 556 (1986); *Brandley v. State*, 691 S.W.2d 699, 704 (Tex.Crim.App.1985). Appellant's first point of error is overruled.

In his third point of error, appellant contends, without any case authority, that the trial court erred in overruling his objection to an enhancement paragraph in the indictment. The state establishes a prima facie case of proof of a prior conviction by introducing copies of the judgment and sentence in each case used for enhancement and connecting them with the defendant. *Johnson v. State*, 725 S.W.2d 245 (Tex.Crim.App.1987). Where, for purposes of enhancement, the state makes a prima facie showing that a judgment of prior conviction and sentencing is regular on its face, there is a *presumption* of regularity of the judgment. Once the state makes that prima facie showing, the burden shifts to the defendant to make an affirmative showing of any defect in the judgment. *Smith v. State*, 683 S.W.2d 393, 407 (Tex.Crim.App.1984); *Moore v. State*, 629 S.W.2d 266, 269 (Tex.Crim.App.1982).

The appellant contends that one of the prior felony convictions used to enhance punishment against him in one of the murder cases was void since it was signed by a magistrate, and there is no record that the cause was referred to the magistrate by a district judge pursuant to TEX.GOV'T CODE ANN. §§ 54.306–.307 (Vernon 1987). We disagree. We are bound to presume the regularity of trial court proceedings. *Kelley v. State*, 676 S.W.2d 104, 108 (Tex.Crim.App.1984); *Schneider v. State*, 594 S.W.2d 415, 418 (Tex.Crim.App.1980). Thus, in his collateral attack on this conviction, the burden of proof was on appellant to show that the judgment was void. *Acosta v. State*, 650 S.W.2d 827, 829 (Tex.Crim.App.1983); *Hankins v. State*, 646 S.W.2d 191, 200 (Tex.Crim.App.1981). The state, by introducing a copy of the judgment and sentence, established a prima facie case that the judgment was valid. Although bearing the signature of Judge Patterson, whom the state conceded was a magistrate, the judgment states that the negotiated plea bargain appearing in the record was "[h]eard by Judge Patterson for Judge Metcalfe." Pursuant to the Magistrates Act, TEX.GOV'T CODE ANN. §§ 54.301–.313 (Vernon Supp.1987), a judge may refer a criminal case to a magistrate for proceedings involving a negotiated plea of guilty before the court. TEX.GOV'T CODE ANN. § 54.306 (Vernon Supp.1987). On a collateral attack, in the absence of an affirmative showing to the contrary, we will not assume that the case was unreferred or that Judge Metcalfe violated the Magistrates Act by neglecting to properly review and adopt the magistrate's actions as required under section 54.312 of the Act. Appellant's third point of error is overruled.

In his second point of error, appellant contends that the trial court committed fundamental error at the punishment phase of the trial by submitting jury instructions regarding the parole law and good conduct time. Appellant's contention has been rejected by this court. *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas 1986, pet. granted); *Joslin v. State*, 722 S.W.2d 725 (Tex.App.—Dallas 1986, pet. granted). Appellant's second point of error is overruled.

The judgment is affirmed.

WHITHAM, J., dissents.

WHITHAM, Justice, dissenting.

I cannot agree that a piece of paper purporting to be the final judgment in a criminal case, signed by a magistrate and not the district court judge, constitutes a final judgment of the Criminal District Court No. 2 of Dallas County, Texas. Consequently, I respectfully dissent.

In his third point of error, appellant contends that the trial court committed reversible error by permitting the jury to consider the second paragraph in the indictment because the conviction set out in that paragraph was not shown to be a legal conviction. I agree with appellant and write to express my disagreement with the majority in its disposition of appellant's third point of error. I would hold that the conviction used for enhancement of punishment in trial court cause number F86–96667–QR, court of appeals number 05–86–00807–CR, is void on its face. I agree with the majority's holding that the evidence is sufficient to support appellant's conviction. Consequently, I would sustain appellant's third

point of error and reverse and remand trial court cause number F86–96667–QR, court of appeals number 05–86–00807–CR.

From a "willingness ... to approve of a 'rubber stamp' judicial system," *see Kelley v. State*, 669 S.W.2d 329, 333 (Tex.App.—Dallas 1983) (Whitham, J., concurring) *rev'd* 676 S.W.2d 104 (Tex.Crim.App.1984), to a willingness to presume that a district court judge conducted a hearing even though the transcript of the proceedings recites that it was heard before a magistrate, *see Ex parte Stacey*, 682 S.W.2d 348, 351–56 (Tex.App.—Dallas 1984) (Whitham, J., dissenting) *rev'd* 709 S.W.2d 185 (Tex. Crim.App.1986), to a willingness to tolerate "waiver" of a defendant's right to have his cause determined by a judge, *see Ex parte Allen*, 699 S.W.2d 886, 889–91 (Tex.App.—Dallas 1985, pet. ref'd) (Whitham, J., dissenting), to a willingness to tolerate unwritten findings by the magistrate, *see Allen*, 699 S.W.2d at 891 (Whitham, J., dissenting), our decisions concerning the Magistrates Act have eroded any right a defendant may have to have his cause decided by one vested with judicial power under the Texas Constitution. We have now come full circle.

Today, the majority takes the final step and holds that a judgment *signed by a magistrate*, is a valid, final, subsisting judgment. Article V, Section 1 of the Constitution of the State of Texas provides:

> The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

> The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.

Article V, Section 7, of that Constitution provides for the creation of judicial districts and for the election of judges for those district courts. Article V, Section 8

of that Constitution provides that "[t]he District Court shall have original jurisdiction in all criminal cases of the grade of felony." The majority's opinion confirms my expressed concern about the magistrate system under the Magistrates Act, TEX. GOV'T CODE ANN. § 54.301, *et seq.* (Vernon Supp.1987). Today, the majority approves a magistrate system in which the judges of district courts create other district courts and appoint the judges of those courts. *See Kelley*, 669 S.W.2d at 333. Indeed, the docket sheet of the complained-of cause identifies the magistrate as a "Visiting Judge." Furthermore, numerous court papers in the complained-of cause identify the magistrate as "judge." To my mind, such a magistrate system is contrary to the provisions of Article V, Sections 1, 7, and 8 of the Constitution of the State of Texas. When the disqualification of a judge arises from a constitutional or statutory provision, it cannot be waived; the judgment is void and is subject to collateral attack. *Ex parte Miller*, 696 S.W.2d 908, 910 (Tex.Crim.App.1985). Contrary to the majority, in my view, the Constitution of the State of Texas does not contemplate a judicial system in which a judge of a district court becomes an absent figure in the disposition of a case pending in that court. To my mind, the Constitution of the State of Texas requires that the judge of the court make the ultimate judicial determination of a defendant's conviction and sentence. Consequently, I conclude that the Constitution disqualifies a magistrate from signing a judgment. Thus, the judgment at issue in the present case is void. Indeed, it is not a judgment at all.

The majority holds that "where, for purposes of enhancement, the State makes a prima facie showing that a judgment of prior conviction and sentencing is regular on its face, there is a *presumption* of regularity of the judgment." (Emphasis in original). What the majority fails to explain, however, is how a judgment and the resulting sentence can be regular on its face when, on its face, the judgment and the resulting sentence shows that it was signed by one totally lacking any judicial

power. I quote the signature portion of such judgment and resulting sentence:

> Heard by Judge Patterson [the magistrate] for Judge Metcalfe [the district court judge]
>
> <u>(S) M. Boyd Patterson, Jr.</u>
> Judge

To my mind, such a judgment and resulting sentence is void. The majority's holding is contrary to the Constitution of the State of Texas, contrary to the express language of the Magistrates Act, and contrary to every opinion construing the Magistrates Act.

"Judicial power" as envisioned by the Article V, Section 1 of the Constitution of the State of Texas embraces "(1) The power to hear facts, (2) the power to decide the issues of fact made by the pleadings, (3) the power to decide the questions of law involved, (4) *the power to enter a judgment* on the facts found in accordance with the law as determined by the court, (5) and the power to execute the judgment or sentence." *Morrow v. Corbin,* 122 Tex. 553, 560–61, 62 S.W.2d 641, 645 (1933); *Kelley v. State,* 676 S.W.2d 104, 107 (Tex.Crim. App.1984) (emphasis added).

A court is an instrumentality of sovereignty, the repository of its judicial power, with authority to adjudge as to the rights of person or property between adversaries. The presence of a judge or judges is necessary as an essential element of a court. A "court" was defined by Bacon to be "an incorporeal being, which requires for its existence the presence of the judges or a competent number of them."

*Mengel Box Co. v. Fowlkes,* 135 Tenn. 202, 186 S.W. 91, 92 (1916).

The State of Texas, as sovereign, has placed none of its judicial power, with authority to adjudge as to the rights of person or property between adversaries, in magistrates appointed pursuant to the Magistrates Act. The State of Texas, as sovereign, created district courts, and provided for judges of those courts, in Article V, Sections 1 and 7 of its Constitution and placed its judicial power in all criminal cases of the grade of felony in those district courts. TEX. CONST. art. V, § 8.

Accordingly, the court of criminal appeals has held that magistrates appointed pursuant to the Magistrates Act are neither courts nor judges, but only individuals possessed of certain qualifications appointed to perform certain limited duties for instrumentalities of the State of Texas that are, indeed, true courts. *See Rabb v. State,* 730 S.W.2d 751, 752–54 (Tex.Crim.App.1987); *Kelley,* 676 S.W.2d at 107.

In every opinion construing the Magistrates Act, the courts have continued to emphasize that magistrates lack the power to make ultimate judicial determinations. "No act of the magistrate is legally binding unless and until the magistrate's actions are adopted by the referring court." *Kelley,* 676 S.W.2d at 107. "[Magistrates] have no power of their own and are unable to enforce any rulings." *Id.* "Magistrates act only as agents of the district court, with proper supervision by the district court." *Id.* "The district judges must approve the recommendations and supervise the magistrates in the performance of their duties." *Scott v. State,* 690 S.W.2d 256, 258 (Tex.Crim.App.1985). "Since a defendant's plea [of guilty] is not final *unless and until the district judge adopts the actions of the magistrate,* the magistrates may properly take pleas offered as part of a plea bargain." *Id.* (emphasis added). "*As long as* the magistrate acts within the scope of his authority, the judge adopts the magistrate's actions, and *the judge presides over any matters not subject to delegation to the magistrate* [the Magistrates Act] is not violated." *Scott,* 690 S.W.2d at 259 (emphasis added). "*Where ... the judgment of the court is an independent action of the court* and the magistrate's role is limited to advisory and factfinding functions ... we see no error in permitting the magistrate to preside over the hearing to proceed to adjudication." *Ex parte Howard,* 685 S.W.2d 672, 674 (Tex.Crim.App. 1985) (emphasis added). "A defendant's probation is not finally revoked unless and until the district judge ... adopts the recommendations of the magistrate.... The final revocation, however, is made by the district judge with proper constitutional authority." *Jones v. State,* 728 S.W.2d 801,

at 803 (Tex.Crim.App.1987). *Cf. United States v. Raddatz,* 447 U.S. 667, 683, 100 S.Ct. 2406, 2416, 65 L.Ed.2d 424 (1980) (Federal Magistrates Act does not violate article III of the United States Constitution *"so long as the ultimate decision is made by the district court"*) (emphasis added).

My research has revealed only two cases in which it appears that a magistrate entered the judgment of conviction and assessed punishment. Both cases are distinguishable from the present case. In *Kelly v. State,* 724 S.W.2d 42 (Tex.Crim.App. 1987), the opinion states that "Magistrate Wilson thereafter convicted appellant of committing the felony offense of burglary of a building and sentenced him to a term of four (4) years' confinement in the Texas Department of Corrections, which Wilson ordered probated." *Id.* at 43. However, the opinion further states that "Judge Kinkeade approved in all things Magistrate Wilson's actions." *Id.* at 43–44. In *Rabb* the opinion states that "the magistrate accepted the appellant's pleas of guilty and assessed punishment at ten years' confinement in the Texas Department of Corrections in each case." 730 S.W.2d at 751. However, the opinion further states "[t]hereafter, the district court judge ordered appellant placed on probation in all three cases." *Id.* To my mind, each of these cases illustrate that the final judicial determination in sentencing a defendant and assessing his punishment must be made by the trial court judge and not by the magistrate.

Apparently, the majority believes that because the conviction used for enhancement resulted from a plea of guilty, the magistrate was empowered, under section 54.306(a)(1) of the Magistrates Act, to enter the final judgment and sentence in that cause. I cannot agree. In *Howard v. State,* 690 S.W.2d 252 (Tex.Crim.App.1985), the court of criminal appeals held that it was not error to permit the magistrate to preside at a hearing on a plea of guilty when the parties had not agreed on the punishment to be assessed. In doing so, however, the court emphasized that the sentencing must be performed by the court. The court stated:

The magistrates act as agents of the district courts and have no authority of their own ... magistrates were to assist the courts by processing those matters not requiring ultimate judicial determinations.... *The portion of the trial requiring judicial determination, appellant's sentencing, was properly held before a district court judge.*

*Howard,* 690 S.W.2d at 255–56 (emphasis added).

Thus, I conclude that sentencing is an act of ultimate judicial determination that cannot be performed by a magistrate. I conclude that when the Constitution of the State of Texas created district courts and vested jurisdiction of the present case in one of those courts, that Constitution requires that the person occupying the office of judge of that court—and not a surrogate appointed by that judge—make the ultimate judicial decision concerning the defendant's sentence.

Nor can I find any language in the Magistrates Act that would lend support to the majority's determination that a judgment signed by a magistrate is a valid judgment which can be used for enhancement of punishment. The Magistrates Act provides:

(a) Except as limited by an order of referral, a magistrate to whom a case is referred may:

(1) conduct hearings;

(2) hear evidence;

(3) compel production of relevant evidence;

(4) rule on admissibility of evidence;

(5) issue summons for the appearance of witnesses;

(6) examine witnesses;

(7) swear witnesses for hearings;

(8) make findings of fact on evidence;

(9) formulate conclusions of law;

(10) rule on a pretrial motion;

(11) *recommend the rulings, orders, or judgment to be made in a case;*

(12) regulate proceedings in a hearing; and

(13) do any act and take any measure necessary and proper for the efficient performance of the duties required by the order of referral.

(b) A magistrate may not enter a ruling on any issue of law or fact if that ruling could result in dismissal or require dismissal of a pending criminal prosecution, but the magistrate may make findings, conclusions, and recommendations on those issues.

TEX.GOV'T CODE ANN. § 54.308 (Vernon Supp.1987) (emphasis added). I find no provision contained in section 54.308 that would permit a magistrate to enter a final judgment; under subsection (a)(11) of section 54.308 the magistrate may only *recommend* the judgment to be entered. Section 54.311 of the Magistrates Act provides that:

At the conclusion of the proceedings, a magistrate shall transmit to the referring court any papers relating to the case, including the magistrate's findings, conclusions, orders, *recommendations,* or other action taken.

TEX.GOV'T CODE ANN. § 54.311 (Vernon Supp.1987) (emphasis added). I find no provision contained in section 54.311 that would permit a magistrate to enter a final judgment; under section 54.311 the magistrate shall forward to the referring courts its findings, conclusions, orders, recommendations, or other action. Section 54.312 of the Magistrates Act provides:

(a) A referring court may modify, correct, reject, reverse, or recommit for further information any action taken by the magistrate.

(b) If the court does not modify, correct, reject, reverse, or recommit an action of the magistrate, the action becomes the decree of the court.

(c) At the conclusion of each term during which the services of a magistrate are used, the referring court shall enter a decree on the minutes adopting the actions of the magistrate of which the court approves.

TEX.GOV'T CODE ANN. § 54.312 (Vernon Supp.1987). To my mind, the court cannot "modify, correct, reject, reverse, or recom-

mit" the cause if the magistrate has entered a final judgment of conviction; thus, the magistrate has become vested with full judicial power, unfettered by any supervision by the judicial officers in whom our constitution vests judicial authority.

Finally, I conclude that even under its own holding that the presumption of regularity in the judgment must prevail the majority is incorrect. The majority states that:

On a collateral attack, in the absence of an affirmative showing to the contrary, we will not assume that the case was unreferred or that Judge Metcalfe violated the Magistrates Act by neglecting to properly review and adopt the magistrate's actions as required under section 54.312 of the Act.

Appellant made an affirmative showing to the contrary. The record reflects the following at trial:

[Defense Attorney]: Judge, I just want to state on the record that I have gotten the jacket in Cause Number F–83–89507 [the conviction complained of here] which is one of the convictions the State relies upon, I believe in paragraph number two. I simply want to have this marked as Defendant's Exhibit Number 2, I suppose, if my memory serves me correct, and I want to offer this to the Court in just a second for the Court to peruse.

The main thing I want to bring the Court's attention concerning this particular case, is that *the judgment doesn't bear the signature of any criminal district judge that has ever been elected to office in the County of Dallas, Texas.*

It recites in the judgment that the case was heard by Judge Patterson sitting for Judge Metcalf[e]. On the front of the jacket—Well, it bears the signature, as I read it, M. Boyd Patterson, Junior who we know to be a magistrate here in Dallas County, Texas.

And I'll bring to the Court's attention that *no where in the jacket is there a signed waiver of having the case heard by the elected district judge* for this court which was Criminal District Court Number 3—no, Number 2, of Dallas

County, Texas in the month of May of 1983. Nor is there a magistrate check list, *nor is there an order approving or adopting the acts of the criminal district court magistrate by Judge Metcalf[e]*.

So with that I'll just mark this as Defendant's Exhibit 2 and if the State has no objection I'll just tender that to the Court so the Court can look it over.

[State's Attorney]: I have no objection.

THE COURT: Admitted.

\* \* \* \* \* \*

[State's Attorney]: This is the first I've heard of it as far as judgment set F–83–89507–I.

Judge Patterson is a magistrate and took his plea pursuant to the magistrate system here in the county. And I think that's it's proper.

(Emphasis added). From this, I conclude that the State conceded that "Judge Patterson," whose name appears on the complained-of judgment is, in fact, a magistrate. I further conclude from my review of Defendant's Exhibit two that appellant presented *uncontroverted* evidence that the "jacket" in the complained-of cause does not contain "a signed waiver of having the case heard by the elected district judge." I further conclude from my review of Defendant's Exhibit two that appellant presented *uncontroverted* evidence that the "jacket" in the complained-of cause does not contain an order approving or adopting the acts of the criminal district court magistrate. Consequently, I cannot agree with the majority that appellant failed to sustain his burden of showing that the judgment was void. It follows, and I would so hold, that even if the presumption of regularity applies to a judgment which, on its face, shows that it was entered by one lacking any judicial authority, that presumption has been overcome by appellant in the present case.

For all of the above reasons, appellant has met his burden, in his collateral attack on the complained-of judgment, of showing that such judgment was void. Accordingly, I would reverse the conviction in trial court cause number F86–96667–QR, court of appeals number 05–86–00807–CR, and remand the cause to the trial court for a new trial. I agree with the majority that the conviction in the companion case in trial court cause number F86–96664–QR, court of appeals number 05–86–00806–CR must be affirmed.

### ADDENDUM

I agree with the majority that the conviction in the companion case in trial court cause number F86–96664–QR, court of appeals number 05–86–00806–CR must be affirmed. I do so in light of the majority's holding in *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas 1986, pet. granted). Nevertheless, I remain of the opinion that article 37.07, section four of the Texas Code of Criminal Procedure is invalid and unconstitutional for the reasons expressed in my dissent in *Rose*.