**Wayne Travis CUNNINGHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–00398–CR.**

Court of Appeals of Texas, Dallas.

Aug. 13, 1991.

---

Renie McClellan, Cedar Hill, for appellant.

Sharon Batjer, Dallas, for appellee.

Before ROWE, LAGARDE and OVARD, JJ.

## OPINION

LAGARDE, Justice.

Wayne Travis Cunningham appeals his jury conviction for unlawful possession with intent to deliver cocaine. The jury assessed punishment at life confinement and a $200,000 fine. Cunningham contends that the trial court erred in admitting various convictions and unadjudicated offenses for impeachment and enhancement purposes. We overrule all points of error and affirm the judgment of the trial court.

## FACTS

Undercover Officer Frank Perez testified that he arranged by telephone to meet Cunningham at a McDonald's restaurant to buy one kilogram of cocaine for $24,000, but Cunningham did not appear. Perez then proceeded to an apartment that he had seen Cunningham enter on several occasions. Perez believed it to be Cunningham's "stash house." Cunningham's car was in the driveway. Perez had secured a search warrant for the location. Sergeant McCoy, the officer in charge of the investigation, with the assistance of a tactical squad, executed the warrant and arrested Cunningham in possession of a kilo of cocaine.

## MAGISTRATE'S ACTIONS

In his first two points of error, Cunningham contends that the trial court erred by admitting evidence of prior convictions in cause numbers F82–90751 and F82–92981 during the punishment phase. The trial court's files in both cases were admitted into evidence. In both cases, Cunningham pleaded guilty before a Dallas County magistrate. Yet, neither trial court file contained a referral to the magistrate or an adoption order by the district court. TEX. GOV'T CODE ANN. § 54.307(a) (Vernon 1988). Cunningham argues that, because there was no record that the cases were referred to the magistrate or that the magistrate's actions were adopted, the judgments are void.

The State establishes a prima facie case of proof of a prior conviction by introducing copies of the judgment and sentence in each case used for enhancement and connecting them with the defendant. *Johnson v. State*, 725 S.W.2d 245, 247 (Tex. Crim.App.1987). Once the State makes that prima facie showing, the burden shifts to the defendant to make an affirmative showing of any defect in the judgment. *Smith v. State*, 683 S.W.2d 393, 407 (Tex. Crim.App.1984). Where procedural requirements do not affirmatively appear in the record to have been violated, the presumption of regularity must prevail. *Jones v. State*, 646 S.W.2d 449, 449 (Tex. Crim.App.1983); *Ex parte Pardun*, 744 S.W.2d 644, 645 (Tex.App.—Dallas 1988, pet. ref'd). Thus, in his collateral attack on this conviction, Cunningham had the burden to affirmatively show that the judgment was void. *Hankins v. State*, 646 S.W.2d 191, 200 (Tex.Crim.App.1981);

*Randall v. State,* 735 S.W.2d 678, 681 (Tex. App.—Dallas 1987, no pet.).

The Magistrate's Act provides that, when a judge refers a case to a magistrate, the judge must issue an order of referral specifying the magistrate's duties. TEX. GOV'T CODE ANN. § 54.307(a) (Vernon 1988). Section 54.312 specifically provides that actions taken by the magistrate become the decree of the referring court "if the court does not modify, correct, reject, reverse, or recommit an action of the magistrate." TEX. GOV'T CODE ANN. § 54.312 (Vernon 1988). On a collateral attack, in the absence of an affirmative showing to the contrary, we will not assume that the case was not referred or that the district judge violated the Magistrate's Act by neglecting to properly review and adopt the magistrate's actions. *See, e.g., Randall,* 735 S.W.2d at 681 (absent an affirmative showing to the contrary, the court refused to assume that the case was *unreferred); see also Kelley v. State,* 676 S.W.2d 104, 108 (Tex.Crim.App.1984) (where the district judge signed the judgment without any changes to the actions taken by the magistrate, the appellate court considered the record silent and presumed that the district judge adopted all of the magistrate's actions).

■ By introducing copies of the judgments and sentences, the State established a prima facie case that the judgments were valid. The district judge signed the judgments. Cunningham made no affirmative showing that the cases were not referred by the district judge to the magistrate or that the judgments were not adopted. Because Cunningham's convictions are presumptively valid, absent an affirmative showing to the contrary, we conclude that the trial court properly admitted evidence of Cunningham's prior convictions. Points of error one and two are overruled.

## CAUSE NUMBER 167486

In points three and four, Cunningham attacks the admission into evidence of a 1972 prior conviction in cause number 167486. In point three, he complains that the use of cause number 167486 at the punishment stage for enhancement purposes was error because it was not a final conviction. In point four, he complains that its admission violated rule 609(e) of the rules of criminal evidence. That rule provides that "[p]endency of an appeal renders evidence of a conviction inadmissible." TEX.R.CRIM.EVID. 609(e).

### a. Finality

In point three, Cunningham claims that evidence of his conviction in cause number 167486 alleged for enhancement purposes in the third paragraph of the indictment was improperly admitted in the punishment stage because there was no proof that it was a final conviction as required by section 3(a) of article 37.07 of the code of criminal procedure. TEX.CODE CRIM.PROC. ANN. art. 37.07, § 3(a) (Vernon 1981).

■ The code of criminal procedure authorizes the State to offer evidence of a defendant's prior criminal record at the punishment stage of the trial only if such prior convictions are final. TEX.CODE CRIM. PROC.ANN. art. 37.07, § 3(a) (Vernon 1981); *Morgan v. State,* 515 S.W.2d 278, 280 (Tex. Crim.App.1974). When the State alleges a prior conviction for enhancement, the State bears the prima facie burden to show the finality of the conviction. *Johnson v. State,* 784 S.W.2d 413, 414 (Tex.Crim.App. 1990). When a prior conviction appears to be final on its face, the burden shifts to the defendant to refute such finality. *Ashley v. State,* 527 S.W.2d 302, 305 (Tex.Crim. App.1975). However, the presumption of finality is defeated if it shows that an appellant gave notice of appeal. *Jones v. State,* 711 S.W.2d 634, 636 (Tex.Crim.App. 1986). If the State's evidence raises the question of the disposition of the appeal, the State must produce evidence of finality in order to meet its burden. *Jones,* 711 S.W.2d at 636. A conviction from which an appeal has been taken is not considered to be a final conviction until the conviction is affirmed by the appellate court and that court's mandate of affirmance becomes final. *Jones,* 711 S.W.2d at 636.

The record reflects the following objection outside the jury's presence:

[DEFENSE COUNSEL]: Judge, let me take first what has been numbered as State's Exhibit—State's Exhibit No. 5, which purports to be a penitentiary packet on Cause No. 167486 from the Harris County. Judge, in that particular exhibit, the State—or the Defense is going to object to the bottoms of both of the fingerprint cards that are contained within there, and we are going to object in its entirety to the mandate and opinion of the Court of Criminal Appeals that is stapled to the back of that penitentiary packet. I would say that the mandate and the opinion of the Court affirming that conviction is not part of that penitentiary packet and is not covered by the certification as—the Court can't see it. Stapled on the back of the penitentiary packet.

THE COURT: Response from the State?

[PROSECUTOR]: I think it's clearly admissible, Your Honor.

THE COURT: In due caution, I'm going to remove the opinion.

Upon the evidence being offered before the jury, the defense renewed its objection made outside the jury's presence. The Court stated: "All right, your objections will be reflected by the record as if they were repeated in full. Objections are overruled again. Admitted." The trial court's disallowance of the opinion in the pen packet resulted, albeit inadvertently, in the exclusion of the mandate in Cunningham's case when the pen packet was introduced before the jury.

Assuming, without deciding, that the trial court improperly admitted evidence of Cunningham's conviction in cause number 167486, we must determine whether its admission constituted harmful error. The Texas Court of Criminal Appeals has articulated guidelines for the harmful error analysis. *See Harris v. State,* 790 S.W.2d 568, 587–88 (Tex.Crim.App.1989). The analysis involves a two-step process. First, we must isolate the error and all its effects, and second, ask whether a rational trier of fact might have reached a different result if the error and its effects had not

resulted. *Harris,* 790 S.W.2d at 587–88. The factors to be considered in determining the effects of the error are as follows:
1. the source of the error;
2. the nature of the error;
3. whether or to what extent it was emphasized by the State, and its probable collateral implications;
4. how much weight a juror would probably place upon the error; and
5. whether declaring the error harmless would encourage the State to repeat it with impunity.

*Harris,* 790 S.W.2d at 588.

Applying the harmful error analysis to this case, we first note that the assumed error is in the nature of the improper admission of evidence. On cross-examination during the guilt-innocence phase of the trial, Cunningham admitted to the conviction number 167486 and to three other convictions. The State used the convictions to show Cunningham's prior criminal record. However, there were no probable collateral implications of this evidence because the State did not use the evidence for enhancement purposes.

The charging instrument contained two enhancement paragraphs which alleged that Cunningham had previously been convicted, one on cause number F82–92981–UI dated June 6, 1983 and the second on cause number 167486 dated April 5, 1972. At the arraignment, Cunningham initially entered a plea of true to the enhancement paragraph on cause number F82–92981–UI and then changed his plea to not true. Cunningham did not enter a plea to the enhancement paragraph on cause number 167486. *See Warren v. State,* 693 S.W.2d 414, 415 (Tex.Crim.App.1985). The State dismissed the second paragraph on cause number 167486 for enhancement purposes.

The trial court did not give the jury a charge on the enhancement paragraphs; the court gave the jury the range of punishment applicable to an unenhanced offense. The jury convicted Cunningham of possession with intent to deliver a controlled substance, namely: cocaine of 400 grams or more. Act of May 30, 1983, 68th Leg., R.S., Ch. 425, 1983 Tex.Gen.Laws

2361, 2373–74, *repealed by* Act of September 1, 1989, 71st Leg., Ch. 678, § 1 (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 1989)). An offense under subsection (c) is an aggravated offense if the aggregate weight is more than 28 grams. The range of punishment for the aggravated offense of possession with intent to deliver 400 grams or more of cocaine is life or 15 to 99 years' confinement and a fine not to exceed $250,000. Act of May 30, 1983, 68th Leg., R.S., Ch. 425, 1983 Tex.Gen.Laws 2361, 2373–74 (repealed 1989) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 1989)). The jury assessed a life sentence and a $200,000 fine, the range of punishment applicable to an *unenhanced* offense. Finally, the judgment reflects that no findings were made on the enhancement paragraphs.

We conclude that, contrary to appellant's assertion, the pen packet in cause number 167486 was used only as evidence of a prior criminal record, not for enhancement purposes. We conclude that the admission of Cunningham's conviction in cause number 167486, under the facts of this case, did not disrupt the jurors' proper evaluation of the evidence or tend to compromise the integrity of the process. Furthermore, Cunningham had already admitted to conviction in cause number 167486 at the guilt-innocence phase of the trial. Because the evidence of the conviction was already before the jury, we conclude beyond a reasonable doubt that the introduction of the pen packet on cause number 167486, one of four convictions, did not contribute to the punishment assessed. Our analysis does not indicate that the State will be encouraged to repeat the error with impunity if we find it to be harmless. Thus, assuming, without deciding, that its admission was error, we hold that evidence of Cunningham's conviction in cause number 167486 was harmless error. *Harris*, 790 S.W.2d at 587–88. We overrule point of error three.

### b. *Rule 609*

▇ When the State questioned Cunningham about this prior conviction, Cunningham renewed an objection made outside the presence of the jury prior to the offer of the evidence, as follows:

[PROSECUTOR]: Sir, were you convicted on April 4th, 1972, in Cause No. 167486, out of Harris County, Texas, for the offense of robbery by assault, and sentenced to thirty years in the Texas Department of Corrections?

[DEFENSE COUNSEL]: Your Honor, we'll renew our objections to use of this as impeachment of Defendant's testimony.

Appellant's initial specific objection outside the jury's presence was, in relevant part:

[DEFENSE COUNSEL]: ... that it [cause number 167486] is outside the time limits set out in [r]ule 609, and that the probative value of it, as supported by specific facts and circumstances, does not outweigh the prejudicial effect of allowing that.

Thus, Cunningham did not object at trial on rule 609(e) grounds. Instead, he objected on rule 609(b) grounds.

It is a rule of appellate review that the complaint on appeal must comport with the objection made at trial. *Cravens v. State*, 687 S.W.2d 748, 752 (Tex.Crim.App.1985). If the objection at trial is different than the argument on appeal, nothing is preserved for review. *Cravens*, 687 S.W.2d at 752. Because the rule 609(e) issue was not before the trial court, it is not properly before this Court. *Cravens*, 687 S.W.2d at 752. Nothing is presented for review. Accordingly, we overrule point of error four.

### IMPEACHMENT WITH PROBATED SENTENCE

▇ In his fifth point of error, Cunningham complains that the trial court improperly allowed the State to impeach him with evidence that he was placed on probation in cause number C70–15–KH. The following transpired when the State cross-examined Cunningham:

[PROSECUTOR]: Were you convicted on February 11th, 1971, in Cause No. C70–15–KH, for the felony offense of robbery and sentenced to ten years probation?

[DEFENSE COUNSEL]: Your Honor, we'll renew our objection made outside the presence of the jury to the use of this conviction for impeachment.

The Defense's earlier objection made outside the presence of the jury was as follows:

[DEFENSE COUNSEL]: ... The State also tells me they intend to impeach the credibility of the Defendant with Cause No. C70–15–CH, an offense of robbery. That is a sentence or conviction had on February the 11th of 1971.... Apparently, we have a dispute then, Judge, as to whether it [probation] was revoked or not revoked. If the State is going to use it, we would ask them to prove that it was revoked; otherwise, we believe it should not be admitted....

The trial court initially sustained the objection, but later reversed its ruling.

On appeal, Cunningham argues that the trial court erred in allowing him to be impeached with a probated sentence that he had satisfactorily completed because it was not a final conviction. He relies on cases decided prior to the enactment of the criminal rules of evidence.[1] We conclude that those pre-rules cases no longer apply. Rule 609(c) provides in relevant part:

Evidence of a conviction is not admissible under this rule if ... (2) probation has been satisfactorily completed for the crime for which the person was convicted, and that person has not been convicted of a subsequent crime which was classified as a felony or involved moral turpitude, regardless of punishment.

TEX.R.CRIM.EVID. 609(c). The above section of the rule thus excludes evidence only if the following two conditions are met: (1) probation has been satisfactorily completed, *and* (2) a defendant has not subsequently been convicted of a felony or a crime involving moral turpitude. Cunningham was convicted of felony offenses in cause numbers F82–90751 and F82–92981 after he received a probated sentence in cause number C70–15–KH. Therefore, under the plain language of rule 609(c), because Cun-

ningham did not meet the second prong necessary to preclude admission, the trial court properly allowed the State to impeach Cunningham with the conviction in cause number C70–15–KH.

Assuming, arguendo, that the trial court improperly allowed the probated sentence for impeachment, we conclude beyond a reasonable doubt that any error was harmless. TEX.R.APP.P. 81(b)(2). We conclude that its admission, under the facts of this case, did not disrupt the jurors' proper evaluation of the evidence or tend to compromise the integrity of the process leading to conviction. *Harris*, 790 S.W.2d at 587–88. Thus, error, if any, was harmless.

### EXTRANEOUS OFFENSES

In his final point of error, Cunningham contends that the trial court abused its discretion by allowing into evidence unadjudicated extraneous offenses he allegedly committed. Generally, a witness may not be impeached with specific instances of conduct that have not resulted in convictions. TEX.R.CRIM.EVID. 608(b). However, when the accused testifies gratuitously about some matter that is irrelevant or collateral to the proceeding, as with any other witness, the State may impeach him by a showing that he has lied or is in error regarding that matter. *Prescott v. State*, 744 S.W.2d 128, 131 (Tex.Crim.App.1988); *Hammett v. State*, 713 S.W.2d 102, 105 (Tex.Crim.App.1986). The permissible inference from such exposure is that, if the accused lied or was in error about a collateral matter, he is likely to have lied or been in error in the balance of testimony—those aspects of his testimony that are relevant to material issues in the case. *Hammett*, 713 S.W.2d at 105–06. Thus, the nature of the accused's testimony transforms evidence concerning the prior transactions from irrelevant to relevant, and thus the court may admit the State's evidence concerning those matters to impeach the accused as a witness. *Hammett*, 713 S.W.2d at 105 n. 4.

Here, Cunningham complains of the admission of Perez's rebuttal testimony that

---

**1.** Specifically, he relies on *Adams v. State*, 685 S.W.2d 661 (Tex.Crim.App.1985); *Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App.1980); *Mead v.*

*State*, 759 S.W.2d 437 (Tex.App.—Fort Worth 1988); and *Murphy v. State*, 689 S.W.2d 341 (Tex.App.—Fort Worth 1985).

on two occasions Cunningham sold him cocaine. Prior to Cunningham's direct examination, the court sustained Cunningham's objection to Perez's testimony, outside the jury's presence, of two prior sales. When Cunningham testified on direct, he gratuitously stated that he had seen Perez twice in 1987. He also acknowledged that Perez was the same officer who testified that Cunningham tried to sell him drugs, but Cunningham denied the transactions. Up to that point, Perez's testimony had been outside the presence of the jury. The State claimed that by his testimony Cunningham opened the door to evidence of the two prior drug sales. The State then offered Perez's testimony in rebuttal. The trial court agreed and allowed the testimony. We hold that Cunningham opened the door for the State to impeach the validity of his testimony. Therefore, the trial court properly allowed Perez's rebuttal testimony regarding prior unadjudicated extraneous offenses. We overrule point of error six.

For the reasons stated, we overrule all points and affirm the trial court's judgment.