Lanny Royce OMURA

v.

The STATE of Texas.

No. 05–86–00701–CR.

Court of Appeals of Texas,
Dallas.

March 28, 1987.

Concurring Opinion Feb. 27, 1987.

S. Michael McColloch, Arch McColl, David W. Coody, Dallas, for appellant.

John Vance, Dist. Atty., Gary A. Moore, Asst. Dist. Atty., Dallas, for appellee.

Before HOWELL, MCCRAW and SCALES [1], JJ.

HOWELL, Justice.

Pursuant to rule 101 of the Texas Rules of Appellate Procedure, a majority of the justices who participated in our February 27, 1987 opinion have reconsidered that opinion, and after such reconsideration find that our opinion should be corrected to read as follows:

Lanny Royce Omura appeals the trial court's order denying his writ of habeas corpus by which he sought to avoid extradition to the State of Utah. In his fourth point of error, appellant contends that the Dallas County Magistrates Act [2] is unconstitutional. We hold that the Magistrates Act was not properly complied with; accordingly, we do not address the constitutionality of the Magistrates Act. *See Smith v. State*, 658 S.W.2d 172, 174 (Tex. Crim.App.1983) (the constitutionality of a statute will not be determined unless necessary to decide the case in which the issue is raised).

▆ The Dallas County Magistrates Act provides for the appointment of magis-

---

1. The Honorable R.T. Scales, Justice, retired prior to the time the Court reconsidered this opinion pursuant to rule 101 of the Texas Rules of Appellate Procedure.

2. TEX.GOV'T CODE ANN. § 54.301, et seq. (Vernon 1986).

trates to assist the district courts in the disposition of criminal cases. *Howard v. State*, 690 S.W.2d 252, 255 (Tex.Crim.App. 1985). The magistrates act only as agents of the district courts and have no authority of their own. *Id.* They merely assist the district courts by processing those matters *not requiring ultimate judicial determinations. Id.*

The record in the present case shows that appellant signed a waiver of his right to have his habeas corpus application heard by a district judge and that he requested that the matter be heard and determined by a magistrate.[3] Accordingly, this matter was referred to the magistrate for hearing. The original transcript on appeal in this case contains an "Order Adopting Actions of the Magistrate," which was signed by the district court judge on July 2, 1986. The order recites that the court reviewed the actions taken by the magistrate, and that the court specifically adopts and ratifies those actions. This court, however, found nothing in the transcript which would show what materials the trial court had before it in making its determination of whether to adopt the actions of the magistrate. We, therefore, requested the district clerk to prepare a supplemental transcript containing all materials the district court had before it on or before July 2, 1986 in reviewing the actions taken by the magistrate. On September 17, 1986, this court received a supplemental transcript. That supplemental transcript contained only an order which recited:

> [T]his Court finds that no supplementation can be made ... at the conclusion of the extradition hearing upon Appellant's application for writ of habeas corpus the following papers, already included in the record on appeal herein, were transmitted to the Clerk of this Court: the Appellant's Writ of Habeas Corpus, the executive warrant, the docket sheet, and the request for referral to Magistrate and order of referral, referring said cause to the Magistrate for hearing and determination therein. Upon transmittal, the

Clerk of this Court prepared and issued the order adopting actions of the Magistrates [sic] and the judgment of the Court committing the Appellant to the custody of the Sheriff for delivery to the demanding state.

The order further recited that the statement of facts from the extradition hearing and the documentary evidence introduced at that hearing had been prepared by the court reporter and filed with the district court on July 17, 1986, fifteen days *after* the "Order Adopting Actions of the Magistrate" was signed by the court.

■ Absent a showing to the contrary, there is a presumption of regularity of proceedings. *Ex parte Stacey*, 709 S.W.2d 185, 189 (Tex.Crim.App.1986); *Thompson v. State*, 641 S.W.2d 920, 921 (Tex.Crim. App.1982). This presumption can, however, be overcome. *Ex parte Stacey*, 709 S.W.2d at 189. In the present case, the presumption has been overcome, as it is clear that the trial court could not and did not review the actions of the magistrate.

■ Section 54.311 of the Magistrate's Act provides: "At the conclusion of the proceedings, a magistrate *shall* transmit to the referring court any papers relating to the case, including the magistrate's findings, conclusions, orders, recommendations, or other action taken." Section 54.312 provides:

> (a) A referring court may modify, correct, reject, reverse, or recommit for further information any action taken by the magistrate.

> (b) If the court does not modify, correct, reject, reverse, or recommit an action of the magistrate, the action becomes the decree of the court.

The act is mandatory, since a magistrate acts only as the agent of the district court, under *proper supervision* by the court. *Kelley v. State*, 676 S.W.2d 104, 107 (Tex. Crim.App.1984). No act of the magistrate is legally binding unless and until the magistrate's actions are adopted by the refer-

---

**3.** In view of this waiver, we do not address the question of whether an extradition habeas corpus proceeding is a proper proceeding for refer- ral to a magistrate and this opinion is not to be read as so holding.

ring court. *Id.* Magistrates are not judges, but are merely agents of judges appointed to assist the district judges of Dallas County in certain limited matters. *Id.* It is clear from the wording of the act that it is *mandatory* that the district judge *review* the actions taken by the magistrate. To review the magistrate's actions the district judge must have before him the record and any exhibits from the proceeding. Only after a careful review of the record and any exhibits is the district judge in a position to "modify, correct, reject, reverse, or recommit for further information any action taken by the magistrate."

The record in the present case affirmatively shows that the district judge did not review the actions taken by the magistrate, contrary to the recitation in the order. There were no findings, no conclusions, no orders, and no recommendations made by the magistrate, from which the district court could have reviewed the actions taken by the magistrate.[4] Nor was the evidence heard by the magistrate transcribed before the magistrate's actions were adopted by the district court. Accordingly, we hold that the Magistrate's Act was improperly applied. In view of our disposition of this case, we do not address appellant's remaining contentions.

We reverse the judgment of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion.

McCRAW, Justice, concurring.

I concur with the majority's holding that the judgment of the trial court must be reversed and the cause be remanded for a new hearing. Unlike the majority, I feel compelled to address the constitutional issue raised by the applicant. I agree with the majority's holding that the record affirmatively shows that the trial court failed to review or adopt the magistrate's actions. *Kelley v. State,* 676 S.W.2d 104 (Tex.Crim. App.1984). Further, the trial court confesses its judicial non-action in the supple-mental transcript, when it certified that, "Upon transmittal, [from the magistrate to the trial court] the Clerk of this Court prepared and issued the order adopting actions of the Magistrates [sic]."

The majority overlooks the authorized judicial non-action procedure contained in Section 54.312(b) of the Dallas Magistrate's Act which clearly allows magistrate's findings, conclusions, orders, recommendations, or other action taken to become a legally binding court decree:

If the court does not modify, correct, reject, reverse, or recommit an action of the magistrate, the action becomes the decree of the court.

I would hold that unless the constitutionality of Section 54.312(b) is addressed, this statutorily sanctioned procedure would authorize trial court inaction in adopting magistrates actions as a matter of law, thereby requiring this case to be affirmed.

The Dallas Magistrates Act does not specifically require the district court judge to review the actions taken by the magistrate. Indeed, section 54.312(b) affirmatively avoids any requirement that the district court judge review the magistrate's actions and allows the magistrate to act not merely as a fact finder to assist the district court judge, but as the ultimate decision maker in the proceeding.

The Dallas Magistrates Act was patterned after the federal Magistrates Act, 28 U.S.C. §§ 631–639 (Supp.1986), and the respective constitutional values at issue are virtually the same. There is one significant distinction however: Section 636(b)(1) of the federal Magistrates Act sets forth a detailed process by which the non-prevailing party may file objections to the magistrate's findings and recommendations. A judge of the federal court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The federal judge may also receive further evidence or recommit the matter to the magistrate with instructions. Against this statutory back-drop, the Unit-

---

**4.** In *Kelley v. State,* 676 S.W.2d 104, 107 (Tex. Crim.App.1984), the court cautioned that Dallas County needed to adopt a clear mechanism for transmitting all papers related to the case *and* for noting the recommendations and findings of the magistrate. *Id.* at 108, n. 5.

ed States Supreme Court has upheld the federal Magistrates Act. The Supreme Court held that the federal Magistrates Act does not violate article III of the United States Constitution, because the statutory scheme includes "sufficient procedures" for federal district court review, thereby allowing the federal district judge alone to act as the ultimate decision maker. *United States v. Raddatz*, 447 U.S. 667, 680, 100 S.Ct. 2406, 2414, 65 L.Ed.2d 424 (1980). Stressing that federal magistrates are only empowered under 28 U.S.C. section 636 to issue proposed findings of fact and recommendations, and not to make actual determinations, the Supreme Court concluded that this limited delegation of judicial powers "does not violate Article III [of the Federal Constitution] *so long as the ultimate decision is made by the district court.*" *Raddatz*, 447 U.S. at 683, 100 S.Ct. at 2416. (Emphasis added). The responsibility to make an informed, final determination must remain with the judge. *Mathews v. Weber*, 423 U.S. 261, 275, 96 S.Ct. 549, 556, 46 L.Ed.2d 483 (1976).

The procedural protections which enabled the United States Supreme Court to conclude that the federal Magistrates Act is not an unconstitutional delegation of judicial power under the United States Constitution are conspicuously absent from the Dallas Magistrates Act. The latter contains no requirement that the magistrate make written findings, *Ex parte Allen*, 699 S.W.2d 886, 889 (Tex.App.—Dallas 1985, pet. ref'd), nor does it contain a procedure by which a party is entitled to file objections to the magistrate's findings. Moreover, through the operation of section 54.-312(b) of the Dallas Magistrates Act, no *de novo* review by the district court judge is required before the magistrate's actions are adopted by the district court. Yet, I again must emphasize, the magistrate has no authority to act at all except to make preliminary findings which, when properly reviewed by the district court, *may* be adopted by it. *Kelley*, 676 S.W.2d at 107. A superficial rubber-stamping of the magistrate's actions by the court's clerk falls short of proper supervision. Thus, I would hold that, as applied to appellant, section 54.312(b) of the Dallas Magistrates Act violates article V, section 1 of the Texas Constitution, because it grants the power to make final judicial determinations to one not constitutionally vested with judicial authority. I would hold, therefore, that an order entered pursuant to section 54.312(b) is void, that the judgment entered under this section should be reversed, and the cause remanded to the trial court for a new hearing.