**Ex parte Sheila Diane PARDUN, Applicant.**

**No. 05–87–00760–CR.**

Court of Appeals of Texas, Dallas.

Jan. 11, 1988.

Douglas D. Mulder, John D. Nation, Dallas, for appellant.

Gary A. Moore, Dallas, for appellee.

Before STEWART, LAGARDE and THOMAS, JJ.

PER CURIAM.

Sheila Diane Pardun appeals from an order denying her application for a writ of habeas corpus to avoid extradition to Kansas where she is charged with possession of cocaine, marijuana, and drug paraphernalia. In two points of error, applicant challenges the constitutionality of the Dal-

las County Magistrates Act,[1] and complains that the trial court failed to review the actions of the magistrate who conducted the extradition hearing. We find no merit in either of these arguments. Consequently, we affirm.

This Court reversed a previous judgment for applicant's extradition because the magistrate who presided over the hearing exceeded the authority conferred on him by the trial court's referral order. *See Ex parte Pardun,* 727 S.W.2d 131 (Tex.App.—Dallas 1987, no pet.). On remand, applicant again signed a waiver and requested that her case be referred to a magistrate. The only evidence introduced at the hearing on applicant's request for habeas corpus relief was the Governor's warrant and the documents accompanying the extradition demand; no other testimony or exhibits were offered. Pursuant to the magistrate's recommendation, the trial court ordered applicant remanded to the sheriff's custody for extradition.

 In her first point of error, applicant asserts that the trial court failed to review the record and exhibits from the extradition proceedings before adopting the magistrate's actions. *See Omura v. State,* 730 S.W.2d 766, 768 (Tex.App.—Dallas 1987, pet. ref'd). Applicant's argument, however, incorrectly suggests the appellate record must reflect that the trial court actually conducted the necessary review.

In the absence of a showing to the contrary, there is a presumption of regularity attending the proceedings in the trial court. *Ex parte Stacey,* 709 S.W.2d 185, 189 (Tex. Crim.App.1986); *Kelley v. State,* 676 S.W. 2d 104, 108 (Tex.Crim.App.1984). Where procedural requirements do not affirmatively appear in the record to have been violated, the presumption of regularity must prevail. *Jones v. State,* 646 S.W.2d 449 (Tex.Crim.App.1983). The defendant appealing his case has the burden of overcoming this presumption. *Ex parte Wilson,* 716 S.W.2d 953, 956 (Tex.Crim.App. 1986). Consequently, the judgment ordering applicant's extradition may be disturbed only if the record *affirmatively*

shows that the district judge failed to review the magistrate's actions. *See Omura v. State,* 730 S.W.2d at 767–68.

The record in this case contains the magistrate's written findings entered on the date of applicant's extradition hearing. This document reads in part as follows:

> ... After presentation of evidence (copies of all documentary evidence are attached hereto), the undersigned makes the following Findings and Recommendations:
>
> 1. The Governor's Warrant is regular on its face.
> 2. Applicant has been charged with a crime in the demanding state, Kansas.
> 3. Applicant is the person named in the request for extradition.
> 4. Applicant is a fugitive.
>
> The undersigned recommends that the Application for Writ of Habeas Corpus be denied.

Copies of the Governor's warrant and the supporting papers were attached to these written findings. On the same day, the trial court signed its judgment ordering applicant's extradition. The trial court entered an undated order formally adopting the magistrate's findings and his recommendation that the writ be denied. This order recites that the trial court examined the magistrate's findings and was "otherwise fully advised in the premises."

This record is readily distinguishable from that considered in *Omura,* which contained no documents that would permit the trial court to review the proceedings conducted by the magistrate. Moreover, the district judge in *Omura* supplemented the appellate record with an order reflecting that he did not possess a statement of facts, documentary evidence, or other reviewable material at the time he adopted the actions of the magistrate.

We hold that applicant has not overcome the presumption that the trial court had before it the record and exhibits necessary to review the magistrate's actions. The trial court had the magistrate's written

---

1. All statutory references are to Tex.Gov't.Code Ann. §§ 54.301–.313 (Vernon 1987).

findings, conclusions, orders, and recommendations, pursuant to the requirements of section 54.311 of the Magistrates Act. The record fails to reflect the date that applicant ordered a statement of facts, or indicate when the transcription of the court reporter's notes was completed. Attached to the written findings were the exhibits that constituted all of the evidence offered at the extradition hearing. Nothing in the appellate record shows that the district judge lacked the appropriate materials necessary to review the magistrate's actions. Consequently, applicant's point of error number one is overruled.

Applicant, in her second point of error, asserts that the Dallas County Magistrates Act violates the separation of powers clause of the state constitution by permitting district judges, rather than the legislature, to create courts. This argument was specifically rejected in *Rabb v. State,* 730 S.W.2d 751, 752–54 (Tex.Crim.App. 1987). We thus overrule this point without further discussion.

AFFIRMED.

