Terry DeKarl CHRISTIAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–01551–CR.

Court of Appeals of Texas, Dallas.

Aug. 31, 1993.

Ruth A. Kollman, Dallas, for appellant.

Robert P. Abbott, Dallas, for appellee.

Before LAGARDE, BURNETT and WHITTINGTON, JJ.

## OPINION

LAGARDE, Justice.

Terry DeKarl Christian appeals his conviction and eight-year sentence for unlawful possession with intent to deliver cocaine. Christian appeals from the judgment revoking probation. In his first two points of error, Christian asserts that both the judgments granting and revoking probation are void because (1) the district court's failure to review the magistrate's actions violated the Dallas County Magistrate's Act,[1] and (2) the Act violates, both facially and as applied, article five, sections one and seven of the Texas Constitution. In a third point, Christian asserts that the judgment revoking probation is void because there was insufficient evidence before the trial court to support the judgment granting probation. For the reasons that follow, we overrule these points and affirm the trial court's judgment.

## PROCEDURAL HISTORY

At Christian's request, the trial judge referred his case to a magistrate. On August 24, 1990, Christian pleaded guilty before the magistrate to possession of cocaine with intent to deliver. Following the terms of a plea bargain agreement, the magistrate recommended that the trial court assess punishment at eight years' imprisonment, probated for eight years, and a $1000 fine. That same day, the trial judge, by facsimile signature stamp, entered a judgment implicitly adopting the magistrate's recommendation; however, the Adoption Order expressly adopting the magistrate's actions, although file marked August 24, 1990, bears a facsimile signature stamp of the trial judge and is dated September 6, 1990.

Subsequently, the State filed a motion, later amended, to revoke Christian's probation, alleging a subsequent drug delivery offense and several technical violations of the terms of probation as grounds for revocation. At the probation-revocation hearing, Christian signed and filed a Plea of True and Stipulation of Evidence, pleading true to those allegations.[2] After finding that Christian had committed several technical violations, the trial court, pursuant to the terms of a plea bargain agreement, revoked Christian's probation, assessed punishment at eight years' imprisonment, and ordered Christian to pay $1392.50 in restitution and $300 in court costs.

## CONTENTIONS ON APPEAL

Christian's three points of error are all factually and legally interrelated. Christian complains that the trial judge erred because he did not review and expressly adopt the magistrate's findings before he signed the original judgment granting probation. Christian relies on *Omura v. State*, 730 S.W.2d 766, 768 (Tex.App.—Dallas 1987, pet. ref'd). The effect of the trial court's failure, argues Christian, is: (1) a void original judgment granting probation; (2) insufficient evidence to support the original judgment granting probation; (3) a void judgment revoking probation; and (4) an application of the Act violative of article five, sections one and seven of the Texas Constitution. Additionally, Christian argues that the provisions of the Act that allow the court to adopt, by inaction, the magistrate's actions render the Act facially unconstitutional. *See* TEX.GOV'T CODE ANN. § 54.312(b), (c) (Vernon 1988).

The State responds that any failure of the trial court to comply with the Act is a nonjurisdictional defect and that Christian's notice of appeal is insufficient to allow review of this nonjurisdictional issue. *See* TEX.R.APP.P. 40(b)(1). Additionally, the State argues that Christian cannot collaterally attack the original conviction on his appeal from a probation-

---

1. TEX.GOV'T CODE ANN. §§ 54.301–.313 (Vernon 1988) (hereinafter referred to as the Act).

2. The trial court found that Christian did not waive a jury on the new drug delivery offense, found that allegation untrue, *sua sponte* withdrew Christian's plea of guilty in that offense, and ordered the case transferred to the jury docket.

revocation order because the asserted error, even if sustained, would render the original judgment voidable, not void. Only void convictions are subject to collateral attack. *See Trcka v. State*, 744 S.W.2d 677, 680 (Tex. App.—Austin 1988, pet. ref'd). Finally, the State urges that the record does not affirmatively show that the trial court entered judgment before reviewing the magistrate's actions.

For purposes of this opinion we assume, but do not decide, that Christian's points are before us for review. All of Christian's points rise or fall on the core issue: that is, whether the record affirmatively reflects that the trial judge did not review the magistrate's actions before entering the original judgment of probation. We first address the collateral attack issue.

## COLLATERAL ATTACK

■ Generally, an appeal from an order revoking probation is limited to the propriety of the revocation order and does not include review of the original conviction. *See Whetstone v. State*, 786 S.W.2d 361, 363 (Tex. Crim.App.1990). However, the original conviction may be collaterally attacked if fundamental error occurred in the original conviction that rendered the proceeding absolutely void. *See Trcka*, 744 S.W.2d at 680. Christian has the burden of showing that the underlying conviction is void. *See Cunningham v. State*, 815 S.W.2d 313, 315 (Tex. App.—Dallas 1991, no pet.). The State argues that even if the trial court failed to timely review the magistrate's actions, this error would render the judgment voidable, not void. *See Armstrong v. State*, 805 S.W.2d 791, 793 n. 3 (Tex.Crim.App.1991). We agree.

■ Jurisdiction consists of a court's power to adjudicate the subject matter of the case, conveyed by statute or constitutional provision, coupled with personal jurisdiction over the accused, invoked in felony prosecutions by the filing of an adequate indictment or information. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App. [Panel Op.] 1981); *see also Garcia v. Dial*, 596 S.W.2d 524, 527–28 (Tex.Crim.App. [Panel Op] 1980). Jurisdiction to revoke probation is retained by virtue of the accusatory pleading upon which the probation was assessed. *La Belle v. State*, 692 S.W.2d 102, 105 (Tex.Crim.App. 1985); *Crawford v. State*, 624 S.W.2d 906, 907–08 (Tex.Crim.App.1981) (op. on reh'g). Revocation jurisdiction also requires the filing of an appropriate motion and the issuance of a capias during the probationary term. *Rodriguez v. State*, 804 S.W.2d 516, 517 (Tex.Crim.App.1991). In this case, all jurisdictional requisites were met. Noncompliance with procedural requirements of the Act is not fundamental error subject to collateral attack. *Cf. Armstrong*, 805 S.W.2d at 793 n. 3 (attack on prior conviction for failure to review statement of facts constitutes an impermissible collateral attack). We hold, therefore, that Christian's challenge constitutes an impermissible collateral attack.

## COMPLIANCE WITH THE MAGISTRATE'S ACT

Additionally, we hold that the record does not *affirmatively* reflect noncompliance with the Act.

### A. The Act

The Act authorizes the judges of criminal district courts and certain district courts in Dallas County to appoint magistrates to assist them with the disposition of criminal cases. *See* TEX.GOV'T CODE ANN. § 54.301(a) (Vernon 1988). Among other matters, a judge may refer a criminal case involving a negotiated plea of guilty to a magistrate. *See* TEX.GOV'T CODE ANN. § 54.306(a)(1) (Vernon 1988). Except as limited by a referral order, a magistrate may, among other things, recommend the ruling, order, or judgment to be made in a case. *See* TEX.GOV'T CODE ANN. § 54.308(a)(11) (Vernon 1988). At the conclusion of the proceedings before the magistrate, the magistrate must transmit to the referring court any papers related to the case, including any findings, conclusions, orders, recommendations, or other action taken. *See* TEX.GOV'T CODE ANN. § 54.311 (Vernon 1988). The referring court may then modify, reject, reverse, or recommit for further information any action taken by the magistrate. TEX.GOV'T CODE ANN. § 54.-312(a) (Vernon 1988).

A magistrate's actions are not legally binding unless and until they are adopted by the referring court. *Omura v. State,* 730 S.W.2d at 767–68 (citing *Kelley v. State,* 676 S.W.2d 104, 107 (Tex.Crim.App. 1984)). It is mandatory that the judge review the magistrate's actions. *See Omura,* 730 S.W.2d at 768. In order to conduct a proper review, the judge must have before him the record[3] and any exhibits from the magistrate's proceeding. *Id.* Only after reviewing the record is the judge in a position to "modify, correct, reject, reverse or recommit for further information" the actions of the magistrate. *Id.* The magistrate need not put findings in writing, although written findings are advisable to avoid confusion. *Ex parte Allen,* 699 S.W.2d 886, 889 (Tex.App.—Dallas 1985, pet. ref'd).

This Court has previously ruled that the referring judge is required to review a magistrate's recommendation before adopting them. *Omura,* 730 S.W.2d at 768. However, a presumption of regularity applies to court proceedings. *Id.* at 766. Thus, this Court has held that we may reverse a judgment *only* if the record *affirmatively* reflects that the trial judge did not review the magistrate's actions. *Ex parte Pardun,* 744 S.W.2d 644, 645 (Tex.App.—Dallas 1988). On appeal, Christian has the burden of overcoming the presumption of regularity by presenting a record that affirmatively shows that the requirements of the Act were not met. *See id.* at 644.

### B. Noncompliance

Christian argues that this record affirmatively shows that the trial court did not *review* the magistrate's recommendations until after signing the order granting probation. We disagree. It is true that the trial court did not *sign the adoption order* until two weeks after the probation order. The adoption order, file marked August 24, 1990, stated in relevant part:

> BE IT KNOWN that the Court *has reviewed* the actions taken by the Magistrate sitting for this Court in the above numbered and styled cause, which include all findings, conclusions and recommendations contained in this document; all orders contained on the docket sheet in this cause and within the papers filed in this cause; as well as any exhibits introduced into evidence in this cause.

(Emphasis added.) This order bears a facsimile signature stamp of the trial judge and is dated September 6, 1990, two weeks after the date of the order granting probation.

Christian concedes that an adoption order dated before the court's judgment affirmatively reflects compliance with the Act. Christian further concedes that the presumption of regularity operates to render the Act constitutional when (1) the record contains no adoption order, or (2) the adoption order is dated contemporaneously with the trial court's judgment. *Ex parte Stacey,* 709 S.W.2d 185, 189 (Tex.Crim.App.1986); *Kelley,* 676 S.W.2d at 108; *Randall v. State,* 735 S.W.2d 678, 681 (Tex.App.—Dallas 1987, no pet.). Christian argues, however, that an order of adoption dated *after* the trial court's order placing the defendant on probation *affirmatively reflects* noncompliance with the Act; thus, the judgment and sentence were imposed by a nonelected magistrate who lacked judicial authority. Christian argues that a recitation of the requisite review incorporated into an adoption order necessarily means the review occurred on the date the order is signed, absent affirmative record evidence to the contrary. Christian argues that to bifurcate the review from the date of signature creates an irrebuttable presumption that the review has occurred. We disagree. Contrary to Christian's assertion, this record does not affirmatively show that the trial court did not review the recommendations before adopting them. Furthermore, the presumption of regularity is not irrebuttable. *Cf. Ex parte Pardun,* 744 S.W.2d at 645 (trial judge signed affidavit stating that he did not review the magistrate's actions). The adoption order, file marked August 24, 1990, states that the trial court "has reviewed" the magistrate's actions, indicating that the review took place sometime prior to the signing of the adoption order. Absent

---

3. The referring judge need not necessarily review a statement of facts from the proceeding. *See* *Allen v. State,* 748 S.W.2d 16, 18 (Tex.App.—Dallas 1988, no pet.).

some evidence that the trial court in fact conducted the review after he signed the adoption order, we conclude that Christian has not overcome the presumption of regularity.

■ Our decision does not change the requirement that the referring judge must review a magistrate's actions before adopting them. Today, we hold that an order of adoption dated after the trial court's probation order, without more, does not constitute a presumption of *irregularity* nor does it constitute affirmative evidence of noncompliance with the Act sufficient to rebut the presumption of regularity.

In summary, we overrule Christian's first point of error on two grounds. First, Christian's attack constitutes an impermissible collateral attack. Second, Christian failed to rebut the presumption of regularity with record evidence that affirmatively shows noncompliance.

## CONSTITUTIONALITY OF THE DALLAS COUNTY MAGISTRATE'S ACT

■ In his second point of error, Christian argues that the Act is unconstitutional on its face and as applied if it is interpreted to permit a court to act on a magistrate's findings before reviewing them.

Christian insists that we are required to address the merits of his constitutional challenge by *Rabb v. State*, 730 S.W.2d 751 (Tex. Crim.App.1987). We disagree. The issue in *Rabb* was whether the constitutionality of the Act could be raised for the first time on *direct appeal*, not whether it could be raised by *collateral attack*. The court did not address the collateral attack issue before us. Having already concluded that Christian's challenge constitutes an impermissible collateral attack, we conclude that *Rabb* does not require us to address the constitutionality of the Act. Nevertheless, we conclude that the Act is constitutional as applied to Christian. Finally, Christian lacks standing to challenge the facial constitutionality of the statute. *See Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim.App.) (op. on reh'g), *cert. denied*, —

U.S. ——, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992).

We overrule Christian's second point of error.

## SUFFICIENCY OF THE EVIDENCE

■ In his third point of error, Christian claims that there is no evidence to support the underlying judgment because the record shows that the trial court did not have Christian's written stipulation and confession of guilt before it when it signed the judgment. Christian's attack on the sufficiency of the evidence to support the underlying conviction constitutes an impermissible collateral attack. *See Armstrong*, 805 S.W.2d at 791 n. 3

■ Assuming, arguendo, the point is properly before us, we conclude that there was evidence to support Christian's underlying conviction. Although Christian insists that the trial court did not review the magistrate's papers, including the judicial confession, until two weeks after signing the judgment, this argument ignores the presumption of regularity in proceedings. Christian's judicial confession is present in our record. There being no evidence before us affirmatively showing that the trial judge did not have the judicial confession before him when he signed the judgment, the presumption of regularity applies. We overrule Christian's third point of error.

We affirm the trial court's judgment.