Alvin Glen Limbaugh, Jr.















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-084-CR

     ALVIN GLEN LIMBAUGH, JR.,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 282nd District Court
Dallas County, Texas
Trial Court # F95-46176-NS
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Limbaugh appeals his conviction for aggravated robbery, for which he was
sentenced to five years in the Institutional Division of the Texas Department of Criminal Justice.
      Appellant was indicted for aggravated robbery. Upon Appellant's request, his case was
referred to a magistrate. On March 29, 1996, Appellant waived a jury and pled guilty before the
magistrate. Based on appellant's judicial confession and his guilty plea, the magistrate found the
evidence sufficient to support Appellant's plea. The magistrate then passed the case to a later date
for the district judge to assess punishment. The magistrate issued written findings, conclusions
and recommendations. Although an order adopting the magistrate's findings is in the record, the
district judge failed to sign such order.
      On December 12, 1996, Appellant appeared before the district judge. The judge stated: "You
are charged with aggravated robbery. Apparently on March 29, 1996, you appeared in this court
and entered a plea of guilty. The court accepted your plea and passed the case to a later date for
punishment." Appellant then presented the testimony of Dr. Griffin, director of a private practice
mental health clinic, "Family Violence & Sexual Assault Institute." Dr. Griffin described
Appellant's therapy and recommended he be placed on probation. Appellant's mother also
testified in his behalf. The court assessed Appellant's punishment at five years' confinement in
prison.
      Appellant appeals on one point of error: "The trial court erred in not adopting the actions of
a magistrate as required by Tex. Gov't Code Ann. § 54.312.”
      Specifically, Appellant alleges that the district judge did not adopt the magistrate's action as
evidenced by the unsigned order included in the record.
      Tex. Gov't Code Ann. § 54.312, judicial action, states:
      (a)  A referring court may modify, correct, reject, reverse, or recommit for further
information any action taken by a magistrate;
      (b)  If the court does not modify, correct, reject, reverse, or recommit an action of
the magistrate, the action becomes the decree of the court;
      (c)  At the conclusion of each term during which the services of a magistrate are
used, the referring court shall enter a decree on the minutes adopting the actions
of the magistrate of which the court approves.
      As noted, there is an unsigned order approving the actions of the magistrate and adopting such
by the court. A magistrate's actions are not legally binding unless they are adopted by the
referring court. Kelley v. State, 676 S.W.2d 101, 107 (Tex. Crim. App. 1984).
      However, absent a showing to the contrary, there is a presumption of regularity attending the
proceedings in the trial court. The burden is on the appellant to overcome the presumption. 
Wright v. State, 873 S.W.2d 77, 80 (Tex. App.—Dallas 1994, pet. ref'd); Christian v. State, 865
S.W.2d 198, 203 (Tex. App.—Dallas 1993, pet. ref'd).
      Thus Appellant has the burden of overcoming the presumption of regularity by presenting a
record that affirmatively shows that the requirements of the act were not met. Christian at 202.
      There is no affirmative evidence in this record that the judge did not review and approve the
magistrate's actions. To the contrary, the record supports the presumption that the judge did
review and approve the magistrate's actions prior to signing the judgment. The magistrate's
findings and the unsigned order adopting same were filed with the record on March 29, 1996,
more than eight months before the judgment was signed on December 12, 1996. Moreover,
during the punishment hearing on December 12, 1996, the judge told Appellant, "Apparently on
March 29, 1996, you appeared in this court and entered a plea of guilty. The court accepted your
plea and passed the case to a later date for punishment." Such statement supports the inference
that not only was the court aware of the magistrate's action, but that the court also implicitly
approved of the prior proceeding. No where does the record affirmatively show that the judge did
not review the magistrate's actions. Absent some evidence that the trial court did not review the
magistrate's action, Appellant has not overcome the presumption of regularity in the proceedings
leading up to the judgment.
      Appellant's point is overruled, and the judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 14, 1999
Do not publish