ACCEPTED
05-15-00185-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/23/2015 4:41:15 PM
LISA MATZ
CLERK

**No. 05-15-00185-CR**

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

3/23/2015 4:41:15 PM

LISA MATZ
Clerk

**IN THE FIFTH COURT OF APPEALS OF TEXAS**

---

# EX PARTE
# BRANDON WALTON STEWART

---

APPEAL FROM CRIMINAL DISTRICT COURT NO. 3 OF
DALLAS COUNTY, TEXAS, CAUSE NO. WX15-90003

---

# APPELLANT'S BRIEF ON DIRECT APPEAL

---

BRUCE ANTON
State Bar No. 01274700
ba@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)

*Counsel for Appellant*

## Identity of Parties and Counsel

For Appellant Brandon Walton Stewart:

     PAUL BLOCKER
        *Writ hearing counsel of record*
     DALLAS COUNTY PUBLIC DEFENDER'S OFFICE
     133 North Riverfront Boulevard
     Dallas, Texas 75207

     BRUCE ANTON
     BRETT ORDIWAY
         *Appellate counsel of record*
     SORRELS, UDASHEN & ANTON
     2311 Cedar Springs, Suite 250
     Dallas, Texas 75201

For Appellee the State of Texas:

     ALEX HERNANDEZ
         *Writ hearing counsel of record*
     DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE
     133 North Riverfront Boulevard
     Dallas, Texas 75207

     To be determined
         *Appellate counsel of record*
     DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE

Trial court:

     THE HONORABLE DOROTHY SHEAD
     Magistrate Judge

     THE HONORABLE GRACIE LEWIS
     Criminal District Court No. 3

# Table of Contents

Identity of Parties and Counsel .................................................................. 2

Index of Authorities................................................................................. 4

Statement of Facts and the Case............................................................. 5

Issue Presented....................................................................................... 7

    Whether the trial court erred in denying Stewart's writ application
    because it did not have before it the requisite evidence to support
    extradition ........................................................................................ 7

Summary of the Argument ...................................................................... 8

Argument ................................................................................................ 9

Certificate of Service ............................................................................ 12

Certificate of Compliance...................................................................... 12

# Index of Authorities

**Cases**

*Kelley v. State,* 676 S.W.2d 104, 107 (Tex. Crim. App. 1984) ................. 10

*Omura v. State*, 730 S.W.2d 766, 768 (Tex. App.—Dallas 1987, writ ref'd) ...................................................................................... 10

**Statutes**

TEX. CRIM. PROC. CODE ANN. art. 51.13 ...................................................... 9

## Statement of Facts and the Case[1]

Stewart was charged in California with several crimes. (CR: 11). Upon learning that Stewart was in Texas, California's Governor demanded from Texas's Governor that Stewart be arrested and extradited to California. (CR: 11). Texas's Governor acquiesced, and Stewart was arrested in Dallas County pursuant to an extradition warrant. (CR: 9-10).

Stewart filed an application for a writ of habeas corpus in which he argued that his "arrest and detention [were] unlawful and not a proper basis for the extradition of the applicant to the State of California because" because:

1) he had "not be[en] adjudged guilty of the crimes of which he is accused in the state o f California;" and

2) his identity had "not been affirmatively linked to the person sought by the law enforcement authorities of the state of California."

---

[1] Because this case is resolved entirely on procedural grounds, the Statements of the Facts and Case are merged.

(CR: 5). The court held a brief hearing on the matter on January 22, 2015, before a magistrate judge. (RR: 5). Stewart urged that, because there was no fingerprint analysis performed, there was "no biometric or conclusive link" that he was the man sought in California. (RR: 11-12). The State introduced a copy of the Governor's warrant with supporting documentation and then argued that, to challenge identity, an applicant must "deny under oath that he is the person named in the warrant," and Stewart had not done that. (RR: 9-10, 13; SX 1 & 2) (citing *Ex parte Larkins*, No. 05-11-00477-CR, 2011 WL 3795254 (Tex. App.—Dallas 2011, no pet.); *Ex parte Scarborough*, 604 S.W.2d 170, 174 (Tex. Crim. App. 1980); *Ex parte Connelly*, 479 S.W.2d 943, 944 (Tex. Crim. App. 1972); *Ex parte Martinez*, 530 S.W.2d 578, 579 (Tex. Crim. App. 1975)). The magistrate judge then recommended Stewart's application be denied for just that reason, and the court adopted that recommendation. (RR: 15; CR: 97-98). Stewart filed notice of appeal that day. (CR: 99).

## Issue Presented

Whether the trial court erred in denying Stewart's writ application because it did not have before it the requisite evidence to support extradition

## Summary of the Argument

No demand for the extradition of a person charged with a crime in another State shall be recognized by the Governor unless accompanied by, among other things, a copy of any warrant issued upon the indictment or information. And though in this case, Stewart concedes that the necessary documents were introduced at the hearing before the magistrate judge, none of the State's exhibits were actually appended to the magistrate's findings. Because the court adopted the magistrate's findings without reviewing the necessary documents, then, the court's finding was unsupported. Thus, Stewart's writ application was erroneously denied.

## Argument

> The trial court erred in denying Stewart's writ application because it did not have before it the requisite evidence to support extradition

◆　◆　◆

No demand for the extradition of a person charged with a crime in another state shall be recognized by the Governor "unless in writing… and accompanied by, [among other things,] a copy of any warrant" issued upon the indictment or information. TEX. CRIM. PROC. CODE ANN. art. 51.13 § 3. If a person "desire[s] to test the legality of his arrest [on such grounds], the judge of the court of record shall fix a reasonable time to be allowed the prisoner in which to apply for a writ of habeas corpus TEX. CRIM. PROC. CODE ANN. art. 51.13 § 10.

In this case, Stewart concedes that, upon his challenge of as much, the necessary documents were introduced at the hearing before the magistrate judge. (SX1 & 2). And, to that end, the magistrate's recommendation states that "that copies of all documentary evidence are attached hereto." (CR: 97). But none of the State's exhibits—not the Texas Governor's executive warrant, nor the California Governor's request for

9

extradition—were actually appended to the magistrate's findings. (RR: 19-20; SX2; CR: 97).

This is significant because the validity of the trial court's order denying relief rests entirely upon the adequacy of the magistrate's findings. For, in hearing such an application for a writ of habeas corpus, the magistrate acts as an agent of the district court. *See Kelley v. State,* 676 S.W.2d 104, 107 (Tex. Crim. App. 1984). And review of the magistrate's findings by the district court is a prerequisite to the entry of a valid judgment—"it is mandatory that the district judge review the actions taken by the magistrate." *Omura v. State*, 730 S.W.2d 766, 768 (Tex. App.—Dallas 1987, writ ref'd). Thus, if the magistrate's findings were inadequate, the order adopting them would likewise be flawed.

In this case, then, because the magistrate's recommendation did not include the necessary documentation, the district court never acquired possession of, nor reviewed, the necessary documents. Indeed, the trial court's adoption of the magistrate's recommendations is entirely unaccompanied. (CR: 98). Instead, it appears that the exhibits remained in the custody of the court reporter until the reporter's record was filed with the Court of Appeals on February 3, 2015. Thus, because,

contrary to the court's order, the court did not find the necessary documentation to be in order, Stewart's writ application was erroneously denied.

## Prayer

For this reason, Stewart respectfully requests this Court to reverse the order of the habeas court and grant him habeas relief.

Respectfully submitted,


/s/ Bruce Anton

BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com


/s/ Brett Ordiway

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road, Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Counsel for Appellant*

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Appellant's Brief was electronically served to the Dallas County District Attorney's Office on March 23, 2015.


_/s/ Bruce Anton_
Bruce Anton


## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(B) because this brief contains 535 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century.


_/s/ Bruce Anton_
BRUCE ANTON