**AFFIRM; and Opinion Filed July 21, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00143-CR

### EX PARTE YESENIA SESMS

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX17-90001-V**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

Yesenia Sesms appeals the denial of her application for writ of habeas corpus challenging her extradition from Texas to Kansas. In a single issue, Sesms contends that because the magistrate judge did not file written findings or an order on her application, the district judge could not have adopted the magistrate's oral recommendation. Because the record does not affirmatively show the district judge did not adopt the magistrate's actions, we conclude Sesms's issue lacks merit.

Sesms was arrested on November 22, 2016 pursuant to an extradition warrant issued by the State of Kansas where she had been indicted for the offenses of first-degree murder, kidnapping, and aggravated interference with parental custody. Sesms filed an application for writ of habeas corpus on January 17, 2017, asserting she had not been adjudged guilty of any

crime in Kansas and that her identify had not been affirmatively linked to the person sought by law enforcement in Kansas. On January 26, 2017, appellant waived having her case heard by the district court judge and requested referral to a magistrate judge; the district court judge signed the order of referral. After hearing arguments from the parties, the magistrate judge stated he was denying the writ of habeas corpus and would sign the "Proposed Findings and Recommendations" presented by the State. He then signed an order denying Sesm's application for writ of habeas corpus. This appeal followed.

In a single issue, Sesms contends the case should be remanded to the district court for further proceedings because a magistrate judge's actions are not legally binding until they are adopted by the referring court. She argues that because the magistrate judge did not file written findings or an order, the district judge could not adopt the magistrate's oral recommendation denying appellant's writ of habeas corpus.

A district judge may refer an application for writ of habeas corpus that has been filed to avoid extradition to a magistrate for a hearing and the entry of findings and recommendations. *See* TEX. GOV'T CODE ANN. §§ 54.306, 54.308 (West 2013); *Ex parte Allen*, 699 S.W.2d 886, 888 (Tex. App.—Dallas 1985, pet. ref'd). At the conclusion of the proceedings, the magistrate is required to transmit to the referring court "any papers relating to the case, including the magistrate's findings, conclusions, orders, recommendations, or other action taken." TEX. GOV'T CODE ANN. § 54.311 (West 2013). The district court may "modify, correct, reject, reverse, or recommit" for further information any action taken by the magistrate. *Id*. § 54.312(a). If the district court does not "modify, correct, reject, reverse, or recommit an action of the magistrate, the action becomes the decree of the court." *Id*. § 54.312(b).

A magistrate's actions are not legally binding unless and until they are adopted by the referring court. *Omura v. State*, 730 S.W.2d 766, 767–68 (Tex. App—Dallas 1987, pet. ref'd) (citing *Kelley v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984)). It is mandatory that the judge review the magistrate's actions. *See Omura*, 730 S.W.2d at 768. To conduct a proper review, the judge must have before him the record and any exhibits from the magistrate's proceeding. *Id.* Only after reviewing the record is the judge in a position to "modify, correct, reject, reverse or recommit for further information" the actions of the magistrate. *Id.* The magistrate need not put findings in writing, although written findings are advisable to avoid confusion. *Ex parte Allen*, 699 S.W.2d at 889.

However, a presumption of regularity applies to court proceedings. *Omura*, 730 S.W.2d. at 767. Thus, we may reverse only if the record affirmatively reflects the district court did not review the magistrate's actions. *Christian v. State*, 865 S.W.2d 198, 202 (Tex. App.—Dallas 1993, pet. ref'd). On appeal, Sesms has the burden of overcoming the presumption of regularity by presenting a record that affirmatively shows that the requirements of the Act were not met. *Id.*

Here, the record shows the magistrate held a hearing on January 26, 2017. At the conclusion, he found (1) there was no evidence that Sesms was not the same person being sought in the state of Kansas, (2) Kansas has persisted in trying to obtain her return back to the state, (3) the governor's warrant and all extradition paperwork were in proper order, and (4) Sesms was, in fact, the person that is wanted in Kansas for the three stated offenses. The magistrate then stated he was "going to deny the Writ of Habeas Corpus" and would order that Sesms be tendered to the State of Kansas. He signed an order denying the writ of habeas corpus that same day. Nothing further appears in the clerk's record. Because the record does not affirmatively show to

the contrary, we must presume the actions of the magistrate were adopted by the district court.

We reject Sesms's argument to the contrary.

/Elizabeth Lang-Miers/
_____
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

170143F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE YESENIA SESMS

No. 05-17-00143-CR

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. WX17-90001-V.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought
by the application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 21st day of July, 2017.