**AFFIRM; and Opinion Filed December 6, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-00957-CR

## EX PARTE LOWELL RHODES

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX17-90033**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Lowell Rhodes appeals the trial court's order denying his application for writ of habeas corpus challenging his extradition from Texas to Arizona where he is charged with second-degree murder. In a single issue, appellant contends that because the magistrate who conducted the habeas hearing orally denied his writ application but never actually made findings of fact or a recommendation, the trial court's order purporting to adopt the magistrate's findings and recommendation is invalid. We affirm.

The trial court in this case has the power to refer a habeas application on an extradition matter to a magistrate. *See* TEX. GOV'T CODE ANN. § 54.306(a)(8) (West 2013);[1] *Ex parte Allen*, 699 S.W.2d 886, 887–88 (Tex. App.—Dallas 1985, pet. ref'd). On such a referral, the magistrate acts as an agent of the trial court. *See Kelly v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984). The magistrate, may among other things, conduct hearings; hear evidence; examine

---

[1] All statutory section references herein are to chapter 54 of the Texas Government Code (West 2013).

witnesses; issue findings of fact and conclusions of law; and "recommend the rulings, orders, or judgment to be made in a case." *See* § 54.308(a). After the proceedings have concluded, the magistrate transmits to the trial court "any papers relating to the case, including the magistrate's findings, conclusions, orders, recommendations, or any other action taken." *Id*. at § 54.311. The magistrate need not prepare written findings, although written findings are advisable to avoid confusion. *Allen*, 699 S.W.2d at 889. It is mandatory that the trial court review the magistrate's actions. *Omura v. State*, 730 S.W.2d 766, 768 (Tex. App.—Dallas 1987, pet. ref'd). The magistrate's actions are not legally binding unless and until the trial court adopts them. *Kelly*, 676 S.W.2d at 107. After reviewing the record, the trial court may "modify, correct, reject, reverse, or recommit for further information any action taken by the magistrate." *See* §54.312(a). If the trial court does not make any changes to the magistrate's action, then the magistrate's action becomes the decree of the trial court. *Id*. § 54.312(b).

A presumption of regularity applies to court proceedings. *Ex parte Stacey*, 709 S.W.2d 185, 189 (Tex. Crim. App. 1986). On appeal, appellant bears the burden of overcoming the presumption of regularity by presenting a record that affirmatively shows the requirements of the statutes governing magistrates were not met. *Christian v. State*, 865 S.W.2d 198, 202 (Tex. App.—Dallas 1993, pet. ref'd).

In this case, the record shows appellant waived having his writ application heard by the trial court and the case was referred to a magistrate. During a July 27, 2017 hearing, the magistrate reviewed the extradition paperwork and heard argument from counsel. The magistrate then stated on the record:

> [T]he Court considering release on habeas corpus can do no more than decide whether extradition documents on—on its face are in order, and it appears that the extradition documents are all in order in this matter. Also, where the petitioner has been charged with the crime in the demanding state, Defense Counsel has presented no evidence to the contrary that [appellant] is not the same person that is being asked to be extradited back to Arizona for the charge of second-degree murder. And another deciding factor is whether the Petitioner is

the person that is named in the request for extradition and the Court does find that as well.

I find no evidence that this—that this defendant is not actually the same person that is being wanted in—or sought in the state of Colorado—I'm sorry, Arizona. Forgive me. And Arizona has ever since here persisted in trying to obtain his return. The Governor's Warrant and all the extradition paperwork appears to be in proper order to the Court, and the Court does note that the defendant is wanted for second-degree murder, not that he's been adjudicated on this offense yet, but he is being asked to be extradited back to face those charges.

I will deny the writ of habeas corpus in order that defendant shall been [sic] tendered over to the state of Arizona in this matter.

On August 9, 2017, the trial court signed the "State's First Amended Proposed Order Adopting Magistrate's Findings and Recommendation" which stated as follows:

The Court, having reviewed and examined the Magistrate's Proposed Findings and Recommendation, its attachments, the Court's file, the evidence, and being otherwise fully advised in the premises regarding the above-captioned matter, **HEREBY FINDS:**
1. The Governor's Warrant is regular on its face;
2. Applicant has been charged with the crime of Second Degree Murder by indictment, a class one felony in the forum state, Arizona, pursuant to A.R.S. §§ 13-1101, 1104;
3. Applicant is the person named in the request for extradition; and
4. Applicant is a fugitive.
**IT IS THEREFORE ORDERED** Applicant's Application for Writ of Habeas Corpus is denied.

**BY THE FOLLOWING SIGNATURE, THE COURT ADOPTS THE STATE'S PROPOSED ORDER IN WRIT NO. WX17-90033 V**.

On appeal, appellant raises a single issue contending that because the magistrate orally denied the writ application, but never actually made findings and a recommendation, the trial court's order adopting the magistrate's proposed findings and recommendation was invalid. The State responds that the magistrate was not required to deliver to the trial court his findings and recommendation in writing and the record does not affirmatively show the trial court failed to review the magistrate's actions.

Although the magistrate did not reduce his findings to writing, the record shows he did "find" various facts on the record and concluded appellant's writ application should be denied.

–3–

The magistrate's findings were that (1) appellant is the person named in the extradition request; (2) appellant had not presented evidence he was not the person sought in Arizona; (3) the Governor's Warrant and extradition paperwork were in order; and (4) appellant was being extradited to face an unadjudicated charge of second-degree murder. The magistrate denied relief on appellant's habeas application.

The trial court, in turn, signed an order representing it had reviewed the proceedings and documents and was "otherwise fully advised." Although the trial court's order is styled as "adopting" the magistrate's findings and recommendation, the body of the order shows the trial court made its own express findings that comport with the magistrate's findings. The trial court found: (1) the Governor's Warrant was regular, (2) appellant was charged by indictment with second-degree murder, (3) appellant was the person sought, and (4) appellant is a fugitive. The trial court denied relief on the habeas application. By tailoring the magistrate's oral findings, reducing the findings to writing, and expressly denying relief, the trial court both adopted the magistrate's findings and exercised its statutory power to "modify" the magistrate's actions. *See* §54.312(a). We conclude the proceedings satisfied the magistrate statutes, and appellant has failed to carry his burden of proof to negate the presumption of regularity. *See Stacey*, 709 S.W.2d at 189; *Christian*, 865 S.W.2d at 202. We deny appellant's sole issue.

We affirm the trial court's order denying the application for writ of habeas corpus.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

170957F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE LOWELL RHODES

No. 05-17-00957-CR

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. WX17-90033.
Opinion delivered by Justice Brown. Justices
Lang and Whitehill participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 6th day of December, 2017.