**DISMISS and Opinion Filed March 23, 2023**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00639-CR

**CHRISTOPHER NATHAN FODOR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1624865-Q**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Goldstein

Christopher Nathan Fodor appeals the trial court's judgment adjudicating his guilt on a charge of aggravated assault and sentencing him to five years' confinement. In a single issue, Fodor complains that his underlying plea of guilt was not properly reviewed by the trial court following a hearing before a magistrate, and his conviction is therefore void on its face.

In February 2017, Fodor was charged by indictment with aggravated assault with a deadly weapon. The record reflects that all of the following events occurred on September 28, 2017: (1) Fodor signed a judicial confession to the offense as

alleged in the indictment; (2) entered a plea agreement (a) deferring adjudication of his guilt, (b) placing him on community supervision for six years, and (c) waiving a jury trial; and (3) waived the right to have his case heard by a district judge and requested referral to a magistrate. The district judge referred the case to a magistrate who issued findings, conclusions, and recommendations in conformity with the plea bargain agreement. On the same page that the magistrate dated and signed the findings, conclusions, and recommendations, the district judge signed a two-paragraph order adopting the actions of the magistrate but did not separately date that signature. The district judge signed an order deferring an adjudication of Fodor's guilt and placing him on community supervision for six years.

In May 2018, the State filed a motion to revoke probation or proceed with an adjudication of guilt alleging Fodor had violated multiple conditions of his community supervision. The State subsequently withdrew the motion to revoke, and the trial court, in June 2018, entered an order continuing Fodor on probation. In August 2020, the State again filed a motion to revoke, and Fodor was again continued on probation by court order in January 2021. This process repeated itself with the State filing a motion to revoke in April 2021 and the trial court continuing Fodor on probation in May 2021.

Following another motion to revoke, Fodor entered an open plea of true to the allegations in the State's motion to revoke. On May 13, 2022, the trial court, based upon a plea agreement on the motion to revoke or adjudicate, revoked Fodor's

community supervision and entered judgment adjudicating Fodor's guilt and sentencing him to five years' confinement. This appeal followed.

In a single issue, Fodor argues his underlying guilty plea was not properly reviewed by the trial court following the hearing before the magistrate, rendering his subsequent conviction void on its face. In making this argument, Fodor relies on the fact that the signature of the district judge adopting the actions of the magistrate was undated. Appellant asserts the lack of a date "means two things: the judge did not properly note her review of the magistrate's findings, and failing proper review, it appears for the record that the magistrate, who was not a district judge, presided over [Fodor]'s guilty plea."

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). The exception to this rule is that a defendant may challenge the original order at the time his probation is revoked when the complaint, if sustained, would render the judgment void. *Deifik v. State*, 58 S.W.3d 794, 797 (Tex. App.—Fort Worth 2001, pet. ref'd). This is because a void judgment is subject to collateral attack at any time. *Id.*

As this Court has previously held, the trial court's failure to review and adopt the magistrate judge's actions before signing the order placing the defendant on probation is not fundamental error that would render the judgment void. *Christian*

*v. State*, 865 S.W.2d 198, 201 (Tex. App.—Dallas 1993, pet ref'd).  Here, the record shows the district court judge did sign the order adopting the magistrate's actions, and the date of the order appears on the same page beside the magistrate's signature. Because appellant did not timely appeal from the original order placing him on probation, and his challenge is not a permissible collateral attack on that order, we have no jurisdiction over appellant's complaint.  *Manuel*, 994 S.W.2d at 662; *Christian*, 865 S.W.2d at 201.

We therefore overrule Fodor's issue and dismiss this appeal for want of jurisdiction.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220639F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER NATHAN
FODOR, Appellant

No. 05-22-00639-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1624865-Q.
Opinion delivered by Justice
Goldstein. Justices Carlyle and
Kennedy participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for lack of jurisdiction.

Judgment entered March 23, 2023